## Richmond

### Carl Milam Lewis v. Commonwealth of Virginia.

June 15, 1970.

Record No. 7190.

Present, All the Justices.

Horace G. Bass (*William E. Anderson*, on brief), for plaintiff in error.

C. Tabor Cronk, Special Assistant Attorney General (*Robert Y. Button, Attorney General*, on brief), for defendant in error.

Cochran, J., delivered the opinion of the court.

The defendant, Carl Milam Lewis, was found guilty by a jury of statutory burglary under Code § 18.1-89 and his punishment was fixed at nine years in the State penitentiary. To review the judgment entered on that verdict we granted the defendant a writ of error.

The sole question is whether the lower court erred in overruling defendant's motion for a mistrial because of an improper question and statement by the Commonwealth's Attorney during the trial.

The evidence shows that there was a breaking and entering of a storehouse building of Danville Vending Company, Inc., located within one mile of the corporate limits of the City of Danville, on June 19, 1965. Numerous boxes of cigarettes, of an aggregate value of approximately $5500, and a safe containing some $1000 in small change, were removed in a Danville Vending truck.

The only direct evidence that Lewis took part in the burglary was given by his alleged accomplice, Larry Gene Flora, who, at the time of trial, was an inmate of the North Carolina State penitentiary. Flora testified that he and Lewis, with whom he had become acquainted through a mutual friend in Danville, had previously burglarized several places in North Carolina.

He testified that on Friday, June 18, 1965, he drove to Danville from North Carolina, where he lived, met Lewis and discussed with him the possibility of obtaining money through a break-in. After some investigation Danville Vending was selected as their target because they were informed that large quantities of change and cigarettes would be kept there overnight.

According to Flora's testimony Lewis told him that John Slayton, who operated a business next door to Danville Vending, would not only supply a car for them to use in the crime but would also buy the stolen cigarettes from them. Flora then described in detail their use of Slayton's car and the manner in which he and Lewis carried out the burglary.

■ Near the end of his direct examination of Flora the Commonwealth's Attorney asked, "I believe you testified in this case before when John Slayton was tried?", to which Flora answered, "Yes, sir." Defense counsel objected, the trial court sustained the objection and instructed the jury to disregard the question and answer.

Lewis, testifying in his own defense, admitted knowing Flora and Slayton but disclaimed any involvement in or knowledge of the crime. On cross-examination the Commonwealth's Attorney asked a series of questions about the burglary and Lewis denied, among other things, getting a car from Slayton or calling him, to which Flora had testified. The following exchanges then took place:

"Q. Do you know John Slayton pled guilty here to his part?
A. No, sir.
Mr. Anderson: I object to that. What in the world is he . . .
That has . . .

Judge Craig: I am going to instruct the jury to disregard that. This man has denied any connection with this, so he would have no knowledge of it.

Mr. Anderson: I'm going to ask for a mistrial. I don't know what Mr. Link's idea is in connecting up that other affair. It's not connected with this thing in any way, shape or form.

Mr. Link: It isn't? The whole case is about this. Get a mistrial if you want to, and I'll bring him in here.

Judge Craig: Members of the jury, I'm going to ask you, please, to disregard any connection about this other man. It has nothing whatsoever to do with this case. You must determine this man's guilt or innocence according to the evidence in this case and must not pay any attention to what any other person may or may not have done or what conection they may have had with it.

Mr. Anderson: Is the Court overruling my motion?

Judge Craig: Yes sir. We will note an exception on behalf of the defendant."

At the conclusion of the evidence counsel for Lewis renewed, out of the presence of the jury, his motion for a mistrial and the motion was again overruled.

The Commonwealth concedes that the question and statement were improper, since evidence or disclosure that an accomplice has pleaded guilty is inadmissible. Indeed, the impropriety of the Commonwealth's Attorney was inexcusable for he persisted in his effort to bring to the jury's attention evidence which the court had ruled inadmissible. His determination to disclose that John Slayton, who did not testify, had admitted participating in the burglary, and, by inference, would corroborate Flora, cannot be condoned.

We do not agree with the Commonwealth's contention that no proper objection was made or exception taken to the improper statement, as distinguished from the improper question, of the Commonwealth's Attorney. The question and statement comprised one continuing improper disclosure which was the subject of the motion for mistrial. The crucial question, however, is whether the improper disclosure was corrected by the trial court so that the defendant's rights were not sufficiently prejudiced to entitle him to a new trial.

■ We have approved the general rule that an error arising from admission of evidence or improper conduct of counsel may usually be cured by prompt and decisive action of the trial court.

"A judgment ought not to be reversed for the admission of evidence or for a statement of counsel which the court afterwards directs the jury to disregard unless there is a manifest probability that the evidence or statement has been prejudicial to the adverse party. A different rule would result in fixing an intolerable handicap upon the *nisi prius* courts." *Washington and Old Dominion Ry*. v. *Ward's Adm'r*, 119 Va. 334, 339, 89 S. E. 140, 142 (1916).

*See also Taylor* v. *Commonwealth*, 122 Va. 886, 894, 94 S. E. 795, 797 (1918).

Conversely, as an exception to the rule, if the prejudicial effect of the impropriety cannot be removed by the instructions of the trial court, then the defendant is entitled to a new trial. *Coffey* v. *Commonwealth*, 188 Va. 629, 636, 51 S. E. 2d 215, 218 (1949). But whether the conduct was prejudicial is basically a question of fact to be determined in the light of all the circumstances in each particular case. Annot. 48 A.L.R. 2d 1016, 1018 (1956).

Lewis relies upon *Ward* v. *Commonwealth*, 205 Va. 564, 138 S. E. 2d 293 (1964), as requiring reversal of his conviction. There, in a prosecution for murder the alleged accomplice, testifying for the Commonwealth, was asked on direct examination if he had not been recently convicted of murder and sentenced to 48 years in the penitentiary. After argument over the propriety of the question a motion for mistrial was denied and the witness was permitted to answer in the affirmative.

Later, in his closing argument, the Commonwealth's Attorney, after reiterating that the accomplice had been convicted and sentenced, asked the jury if they were going to let the accomplice "bear the whole burden". Defense counsel again moved for a mistrial and again the motion was overruled, but this time the court did instruct the jury to disregard the objectionable statement.

In reversing the lower court and granting a new trial we approved this guideline:

"The question as to whether the error is sufficiently prejudicial to the rights of the defendant to require a reversal of the case for a new trial . . . depends upon two chief considerations: first, whether timely objection was interposed at trial, and second, whether the court cured the error by immediately instructing the jury to disregard the evidence as being improper." [Citations omitted] *Ward, supra*, 205 Va. at 573, 138 S. E. 2d at 300.

Here, as in *Ward*, timely objection was made during the trial. But here the jury, unlike that in *Ward*, was promptly, explicitly and carefully instructed on both occasions to disregard the improper disclosure. Thus, it cannot be contended, as in *McLean v. Commonwealth*, 186 Va. 398, 402, 43 S. E. 2d 45, 47 (1947), that the court, by failure to act, approved the remarks, or that the jury thought them proper.

In overruling defendant's motion for a mistrial the trial court, in its discretion, followed the general rule rather than the exception. There was no abuse of discretion in so doing.

In effect, the court determined that the defendant's rights had not been sufficiently prejudiced to require a new trial. We cannot say as a matter of law that this determination was wrong. On the contrary, we find no reason to conclude that the jury failed to obey the court's full and positive instructions to disregard the improper disclosure. *See Asbury v. Commonwealth*, 211 Va. 101, 175 S. E. 239 (1970), this day decided.

*Affirmed.*