COURT OF APPEALS OF VIRGINIA

Present: Judges Baker, Willis and Bray
Argued at Norfolk, Virginia


ROBERT LEON PARKER

v.        Record No. 1548-94-1        MEMORANDUM OPINION*
                                      BY JUDGE JOSEPH E. BAKER
COMMONWEALTH OF VIRGINIA              NOVEMBER 14, 1995


          FROM THE CIRCUIT COURT OF THE CITY OF PORTSMOUTH
                    Dennis F. McMurran, Judge

          Dianne G. Ringer, Assistant Public Defender,
          for appellant.

          Linwood T. Wells, Jr., Assistant Attorney General
          (James S. Gilmore, III, Attorney General, on brief),
          for appellee.


     The sole issue presented by Robert Leon Parker (Parker) in

this appeal is whether the Circuit Court of the City of

Portsmouth (trial court) erred when it permitted the Commonwealth

to introduce evidence that Johnille Dubois (Dubois), a

co-defendant, had pled guilty.  The facts relevant to the issue

are not in dispute.

     On November 20, 1991, Sherry Watson (Watson), Angela Garcia

(Garcia), and Philip Council (Council), employees at In-A-Hurry,

a fast food convenience store located in the City of Portsmouth,

were at work when four men entered the store.  As the men

entered, a shot was fired.  Two of the men went behind the

counter.  A third man, armed with a gun, ordered Council to empty

_____

          *Pursuant to Code § 17-116.010 this opinion is not

designated for publication.

the cash register.  Council, who suffered from brain damage and was described by his co-workers as "slow" and "kind of clumsy," attempted to comply with the order to empty the register but, because of his slowness, was having difficulty doing so.  As a result, at least three of the men then attacked Council.  While the men beat Council, one or more shots were fired.  Council was shot and killed as the robbery progressed.  One of the men then ordered Garcia to open the register.  Garcia complied.  The robbers took the money from the register and left.

Both Watson and Garcia identified Dubois as the gunman, and Watson identified Garrett Porter (Porter) as one of the other participants in the robbery.  The store was equipped with a security camera, but the tape was not clear enough to identify any of the perpetrators of the robbery.

Porter testified on behalf of the Commonwealth and stated that he knew Parker and that they used to "hang together."  He said that on November 20, he was with Parker, Johnson Ruffin, and Dubois, and that Parker had a gun.  He said that Dubois told them that he had been "scoping on this In-A-Hurry" and began to tell them, in detail, the layout of the store.  Thereafter, they all decided to rob the store, and later the four of them divided the money.  Porter further testified that during the robbery Dubois shot Council.

When Porter was arrested, he gave police a statement in

which he admitted his part in the crime.  In addition, at trial he testified that he had entered into a written plea agreement because he was not the gunman.[1]  During cross-examination, Porter responded to a defense question saying that he had originally been charged with capital murder and in the agreement his charge had been reduced to first degree murder.  During redirect examination, Porter was questioned by the prosecutor concerning Dubois's plea agreement.  The transcript discloses the following:

Q    Now, we've been over your plea agreement; is that right?  Are you familiar with Mr. Dubois' plea agreement?

A    Not really.

Q    Did you ever discuss it with your attorney?

A    I did know he pleaded guilty, but I don't know to what.

MR. LINDAUER:  Your Honor, I don't know that that would be relevant whether he knows about another person who's not Mr. Parker.

MR. BULLOCK:    If he knows.

THE COURT:      If you can connect it up, I overrule the objection.

MR. BULLOCK:

Q    Do you know what Mr. Dubois was charged with?

A    Capital murder and robbery.

Q    Do you know what he pled guilty to?

A    No, I don't.

---

[1]The plea agreement was entered into evidence.

The sole objection made to the above testimony was that it was not relevant. Parker asserts that it was reversible error for the trial court to admit that testimony into evidence. This is the only alleged error presented for our consideration.

It is clear that the purpose of the questions Parker's counsel asked Porter concerning his plea agreement was to challenge his credibility by showing he was testifying on behalf of the Commonwealth as a part of a deal whereby Porter would avoid a possible death sentence. It further is clear that unless a defendant has given cause to permit it, the introduction into evidence of a guilty plea and sentencing of a co-defendant or an accomplice for the purpose of showing the accused's guilt constitutes error. See Lewis v. Commonwealth, 211 Va. 80, 175 S.E.2d 236 (1970); Ward v. Commonwealth, 205 Va. 564, 138 S.E.2d 293 (1964). Here, the question differs from those cases in that the purpose of Parker's inquiry into the terms of Porter's plea agreement was to attempt to show that Porter had a reason to lie, thereby challenging his credibility. The questions in issue were intended to rehabilitate Porter's credibility by showing that Dubois, the gunman, already had been convicted of the charge of capital murder and, therefore, the plea agreement obtained by Porter was not an inducement for Porter to testify against Parker. For that reason, the questions and answers, if known, were relevant. The determination of admission of relevant evidence lay within the sound discretion of the trial court

- 4 -

subject to the test of abuse of that discretion.  See Coe v. Commonwealth, 231 Va. 83, 340 S.E.2d 820 (1986).

We hold that under the facts of this case, the trial court did not abuse its discretion, and we affirm its judgment.

Affirmed.