COURT OF APPEALS OF VIRGINIA

Present:  Chief Judge Moon, Judges Coleman and Overton
Argued at Salem, Virginia


MICHAEL EDWARD MILLS
                                        OPINION BY
v.       Record No. 2926-95-3     JUDGE SAM W. COLEMAN III
                                        MARCH 25, 1997
COMMONWEALTH OF VIRGINIA


            FROM THE CIRCUIT COURT OF WASHINGTON COUNTY
                   Charles H. Smith, Jr., Judge


            William P. Sheffield for appellant.

            Michael T. Judge, Assistant Attorney General
            (James S. Gilmore, III, Attorney General, on
            brief) for appellee.


     In this appeal from conviction of multiple traffic

infractions and other misdemeanors, we hold that the trial

judge's admonition for the jury to disregard a portion of the

arresting officer's testimony did not remove the prejudice caused

by the officer's introduction of incompetent evidence.  The

police officer, who gave a totally unresponsive answer to a

question posed to him, purposefully interjected that the

defendant, when arrested, had "needle marks on his arm" and that

he had "photographs to prove it."  The officer's testimony had

the inevitable, if not intended, consequence of portraying the

defendant as a drug addict, thereby inflaming the passions of the

jury against the defendant.  Although the trial judge's

admonition to the jury was prompt and precise, in the context of

this case, it could not overcome the prejudice to the defendant

caused by the officer's statements.  Accordingly, we reverse the convictions and remand the case to the trial court.

Following an eight to ten mile high-speed chase that began in Abingdon and continued into Washington County, the defendant drove his car behind a private residence in an effort to evade the state trooper.  In doing so, the defendant wrecked his car and attempted to flee on foot but was apprehended when his pants fell to his knees.  During the chase, the defendant refused to stop for the trooper's siren and blue light and he also attempted to wreck the trooper's patrol car.  After apprehending the defendant, the officer determined that the license plate on defendant's vehicle was not registered to it and that the defendant's operator's license had been suspended.

Upon arresting the defendant for speeding, improper registration, driving on a suspended license, resisting arrest, and disregarding an officer's light and siren, the trooper observed an odor of alcohol coming from the defendant and noticed that he slurred his words.  Thus, the officer also charged the defendant with driving under the influence of alcohol or drugs. The resulting blood test showed that the defendant had a blood alcohol content of .08 percent and tested positive for marijuana. Incidental to the arrest, another officer inventoried the defendant's vehicle and discovered more than nine cartons of cigarettes which had been recently stolen from a local store. The defendant was then charged with petit larceny.

At trial, the following exchange occurred between defense counsel and the state trooper:

Q. Okay. And you said you noticed an odor of alcohol about him?

A. Yes, I did.

Q. Did he say anything?

A. I don't recall what he said at this time. The field sobriety test was made available to him and he was arrested. And it appeared from his arms that he had needle marks.

[DEFENSE COUNSEL]: We object to that, if your honor please, and move for a mistrial.

WITNESS: I've got a photograph here showing the condition of his arms if you'd like to introduce it.

THE COURT: Objection sustained. Strike the last comment, members of the Jury, and disregard the last comment made by the witness. Motion for mistrial denied.

The trooper was a veteran officer with the Virginia State Police for ten and one-half years, had been with the Division of Motor Vehicles for fifteen years, and had been a truck weight enforcement officer with the State Police for two and one-half years.

The jury convicted the defendant of each charged offense and recommended the following sentences and fines: petit larceny[1] (one year and a $1,000 fine); speeding ($200.00 fine); improper

---

[1] Because we reverse and remand all the convictions, we do not address whether the trial court erred by reassembling the jury to correct the sentence of "one year" for the petit larceny conviction.

registration ($200.00 fine); driving while under the influence of alcohol and drugs (12 months and a $2500 fine); driving on a suspended license (6 months and a $1,000 fine); resisting arrest (6 months and a $1,000 fine); and disregarding a signal to stop by a law-enforcement officer (12 months and a $2,500 fine).

The sole issue is whether the trial court erred by refusing to grant a mistrial after the Commonwealth's principal witness interjected incompetent and inadmissible evidence into the trial during cross-examination. Generally, a trial court may cure errors arising from inadmissible evidence being improperly presented by promptly instructing the jury to disregard the inadmissible evidence. LeVasseur v. Commonwealth, 225 Va. 564, 589, 304 S.E.2d 644, 657 (1983), cert. denied, 464 U.S. 1063 (1984); Lewis v. Commonwealth, 211 Va. 80, 83, 175 S.E.2d 236, 238 (1970). Juries are presumed to follow prompt, explicit, curative instructions from the trial judge. LeVasseur, 225 Va. at 589, 304 S.E.2d at 657.

"Whether improper evidence is so prejudicial as to require a mistrial is a question of fact to be resolved by the trial court in each particular case." Beavers v. Commonwealth, 245 Va. 268, 280, 427 S.E.2d 411, 420 cert. denied, 510 U.S. 859 (1993). Thus, a trial court's denial of a motion for a mistrial will not be reversed on appeal unless there exists a manifest probability as a matter of law that the improper evidence prejudiced the accused. See e.g., id.; Coffey v. Commonwealth, 188 Va. 629,

636, 51 S.E.2d 215, 218 (1949). "The exception to this rule is that the admission of incompetent evidence is reversible error notwithstanding the fact that the trial court, after its admission, instructed the jury to disregard it, if such illegal evidence was so impressive that it probably remained on the minds of the jury and influenced their verdict." Asbury v. Commonwealth, 211 Va. 101, 106, 175 S.E.2d 239, 241 (1970). "[I]f the prejudicial effect of the impropriety cannot be removed by the instructions of the trial court, the defendant is entitled to a new trial." Lewis, 211 Va. at 83, 175 S.E.2d at 238.

Whether a manifest probability exists that the improper evidence prejudiced the accused despite the cautionary instruction depends upon the nature of the incompetent evidence when considered in relation to the nature of the charges, the other evidence in the case, and manner in which the prejudicial evidence was presented. Here, the trooper's testimony concerning the "needle marks" was totally unresponsive to the question asked him and was irrelevant and highly prejudicial. The statement that the defendant had "needle marks" on his arm was particularly prejudicial in relation to the charges of driving while under the influence of alcohol and drugs, resisting arrest, and disregarding the signal to stop by a law-enforcement officer. The obvious import of the officer's testimony was to cast the defendant as a hard drug user or addict, which would in the minds of the jury render more egregious the competent evidence against

the defendant. Merely instructing the jury to disregard the trooper's statements could not erase the prejudicial effects the remarks had on the jury. Moreover, it is apparent in light of the state trooper's experience, that when defense counsel objected, the trooper intentionally or otherwise compounded the prejudice by immediately interjecting that he had photographs showing the needle marks.

Nothing in the record suggests that the Commonwealth's attorney anticipated or countenanced the state trooper's actions. Nevertheless, the prejudice was caused by the Commonwealth's principal witness, and no matter how outrageous the defendant's criminal conduct may have been, the prejudice could not be harmless. Although evidence of the defendant's guilt was overwhelming, we cannot say that the prejudicial evidence did not affect the length of the sentences or the amount of fines that the jury recommended and the judge imposed. Thus, the error was not harmless.

In summary, we hold that the trial judge's admonition to the jury did not cure or erase the prejudice that was caused by the trooper's incompetent evidence. Accordingly, we reverse and remand to the trial court for such further action as the Commonwealth deems appropriate.

<u>Reversed and remanded</u>.