COURT OF APPEALS OF VIRGINIA


Present:  Judges Coleman, Bumgardner and Lemons
Argued at Salem, Virginia


WILLIAM MICHAEL KNOWLES
                                    MEMORANDUM OPINION[*] BY
v.        Record No. 1814-97-3     JUDGE SAM W. COLEMAN III
                                         OCTOBER 27, 1998
COMMONWEALTH OF VIRGINIA


           FROM THE CIRCUIT COURT OF MONTGOMERY COUNTY
                      Ray W. Grubbs, Judge

           Max Jenkins (Jenkins & Jenkins, on brief),
           for appellant.

           Richard B. Smith, Assistant Attorney General
           (Mark L. Earley, Attorney General, on brief),
           for appellee.



     William Michael Knowles was convicted by a jury of first

degree murder, using a firearm in the commission of murder,

statutory burglary, using a firearm to commit burglary, attempted

capital murder, and using a firearm while attempting capital

murder.  Knowles's appeal presents four issues:  whether the

trial court erred (1) in denying a mistrial after Knowles

attempted to cut his throat in the presence of the jury; (2) in

denying a mistrial after Vanessa Knowles, defendant's daughter,

stated in an open court outburst that her father should be

incarcerated indefinitely; (3) in denying Knowles's post-trial

motion for an evidentiary hearing to ascertain Vanessa Knowles's

exact words; and (4) in refusing to admit computer records that

_____
        [*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

had been printed by a person who was unavailable to authenticate the records. Finding no reversible error, we affirm the convictions.

## I.  BACKGROUND

Knowles's convictions involved the murder of his wife and wounding of his daughter, Vanessa Knowles. During the week before Knowles shot his wife, he purportedly discovered documents on her computer involving romantic correspondence with several men. While Knowles was incarcerated, he hired a computer professional to print copies of the communications. The judge sustained the Commonwealth's objection to admitting the computer documents into evidence without the computer person authenticating them. The judge ruled that although Knowles had seen the computer messages, he could not authenticate that the documents proffered into evidence had been printed from the computer. The judge did, however, permit Knowles to testify as to the substance of the communications he had seen on the computer screen.

After closing arguments, but before the jury retired, Knowles stood and attempted to cut his throat with a disposable razor. The razor was taken from him, and order was restored. Shortly thereafter, Vanessa Knowles, a victim and the defendant's daughter, stood and said, "don't set him free" or "words to this effect." Knowles moved for a mistrial based on both outbursts.[1]

_____

[1]The court reporter, for whatever reason, had not recorded Vanessa Knowles's statement. In arguing the mistrial motion,

- 2 -

The trial court admonished the jury to disregard both outbursts and denied the mistrial motions.

## II.  ANALYSIS

### A. Mistrial

"Whether improper evidence is so prejudicial as to require a mistrial is a question of fact to be resolved by the trial court in each particular case.  Unless . . . the trial court's resolution of that question was wrong as a matter of law" an appellate court will not reverse a conviction.  Beavers v. Commonwealth, 245 Va. 268, 280, 427 S.E.2d 411, 420 (1993) (citation omitted).  Generally, a judgment will not be reversed for the mention of evidence which the court promptly and unequivocally instructs the jury to disregard "'unless there is a manifest probability that the [jury could not disregard the evidence and it] . . . has been prejudicial'" to the defendant. Coffey v. Commonwealth, 188 Va. 629, 636, 51 S.E.2d 215, 218 (1949) (quoting Washington & O.D. Ry. v. Ward's Adm'r, 119 Va. 334, 339, 89 S.E. 140, 142 (1916)).  However, "`if such illegal evidence was so impressive that it probably remained on the minds of the jury and influenced their verdict,'" then the jury admonition is ineffective to cure the error.  Mills v.

(..continued)
defendant's counsel stated that Vanessa Knowles had said "don't set him free" or "words to this effect."  In a post-trial motion, Knowles proffered that two witnesses would have testified that "Vanessa Knowles stated word [sic] to the effect `don't ever let him out.'"  The Commonwealth does not contest the accuracy of the statement.

Commonwealth, 24 Va. App. 415, 420, 482 S.E.2d 860, 862 (1997) (quoting Asbury v. Commonwealth, 211 Va. 101, 104, 175 S.E.2d 239, 241 (1970)).

### 1. Defendant Knowles's Misconduct

First, the Commonwealth, relying upon our decision in Buchanan v. Buchanan, 14 Va. App. 53, 56, 415 S.E.2d 237, 239 (1992), contends that because Knowles failed to fully develop in his brief an argument that his misconduct prejudiced the jury, we should not consider Knowles's claim that the trial court erred by refusing to grant a mistrial.

Knowles's brief recites the pertinent facts, frames the issue, makes a brief argument, cites limited authority, and refers to the record in addressing the issue. Although abbreviated, Knowles's argument on brief is sufficient to present the issue to this Court. Cf. Savino v. Commonwealth, 239 Va. 534, 547 n.4, 391 S.E.2d 276, 283 n.4 (1990) (refusing to consider "bald assertion" that death penalty is applied in discriminatory fashion in support of which appellant made no argument and cited no authority).

Next, the Commonwealth claims that we are further procedurally barred by Rule 5A:18 from considering the issue on appeal because Knowles failed to explicitly object to the trial court's denial of a mistrial regarding the defendant's misconduct. The Commonwealth asserts that defendant only made a motion for a mistrial based on Vanessa Knowles's outburst.

In support of his mistrial motion, Knowles made a statement at trial referring to both his conduct and Vanessa Knowles's outburst. Knowles raised the issue at trial, the trial court ruled on the issue and Knowles is not procedurally barred from appealing whether his conduct warranted a mistrial.

The disruptive conduct of a defendant during his trial generally does not create grounds for mistrial. Sound policy dictates this result. See Winston v. Commonwealth, 12 Va. App. 363, 370, 404 S.E.2d 239, 243 (1991) (citing Donald M. Zupanec, Annotation, Disruptive Conduct of Accused in the Presence of Jury as Ground For Mistrial or Discharge of Jury, 89 A.L.R.3d 960, 963 (1979)). See, e.g., United States v. Harris, 2 F.3d 1452, 1455-56 (7th Cir. 1993) (affirming a denial of mistrial after defendant climbed upon a table, shouted "kill me!" and "shoot me!" and attempted to flee the courtroom); Reynolds v. State, 625 N.E.2d 1319, 1320-21 (Ind. App. 1993) (affirming a denial of mistrial after defendant volunteered incriminating evidence to the jury). If trial courts were to grant mistrials for a defendant's purposeful misconduct, defendants would be motivated to disobey rules of courtroom decorum and would be allowed to benefit from their own misconduct. We decline to adopt such a policy.

## 2. Vanessa Knowles's Outburst

The trial court did not err in refusing to declare a mistrial because of Vanessa Knowles's outburst in open court.

Immediately after the incident, out of the jury's presence, defense counsel moved for a mistrial on grounds that Vanessa Knowles had exclaimed "don't set him free," or "words to this effect." The trial court overruled the motion and stated that he did not "believe the actions of Miss Knowles . . . were such that the jury in any way would be tainted by what they heard if, in fact, they heard anything."

The trial judge offered to <u>voir</u> <u>dire</u> the jury to determine whether any juror had heard Vanessa Knowles's utterance. The defendant rejected the trial court's offer. Thereafter, the trial judge admonished the jury to disregard any utterance they may have heard from Vanessa Knowles.

Knowles relies on our holding in <u>Witt v. Commonwealth</u>, 15 Va. App. 215, 224-25, 422 S.E.2d 465, 471 (1992), for the proposition that an in-court outburst potentially overheard by a jury creates a rebuttable presumption of juror prejudice. Although <u>Witt</u> involved spectator misconduct in the jury's presence, our holding in <u>Witt</u> was that the trial court erred in failing to poll the jury to determine whether they had heard remarks from a witness that "might have . . . prejudiced" them. <u>Id.</u> In the <u>Witt</u> case we said that "if [the jurors] might have been prejudiced, then . . . a new trial is awarded." <u>Id.</u> Here, however, the trial court offered to <u>voir</u> <u>dire</u> the jury to determine whether they heard remarks from Vanessa Knowles. Therefore, we will not presume -- as we did in <u>Witt</u> where no

- 6 -

cautionary instruction was given -- that the jurors were prejudiced by Vanessa Knowles's remarks when the court offered to determine whether the jury heard and were prejudiced by the remarks but defendant's counsel elected not to do so. To the contrary, we <u>will</u> presume that the jury, if they did hear the remarks, complied with the trial court's cautionary instruction to disregard the remarks. <u>See</u> <u>Spencer v. Commonwealth</u>, 240 Va. 78, 95, 393 S.E.2d 609, 619 (1990). Accordingly, the trial court did not err in refusing to grant a mistrial based on Vanessa Knowles's outburst.

### B. Motion For Evidentiary Hearing

Knowles contends that the trial court erred in overruling his objection to the trial transcript which failed to include Vanessa Knowles's statement during her outburst. Knowles asserts that the trial court should have granted his motion to conduct an evidentiary hearing in order to determine Vanessa Knowles's exact words.

Although the court reporter failed to record Vanessa Knowles's statement, defense counsel proffered that her words were: "[D]on't set him free." For purposes of its ruling, the trial court considered the statement as reiterated by defense counsel. The Commonwealth made no objection regarding its accuracy. Moreover, defense counsel proffered that had the trial court granted an evidentiary hearing, witnesses would have testified that Vanessa Knowles words were: "[D]on't ever let him

- 7 -

out."

The additional testimony would have been inconsequential to our review. Furthermore, as previously noted, the evidence fails to establish that the jury heard Vanessa Knowles and the defendant rejected the trial court's effort to make that determination. Accordingly, the trial court did not err in overruling the objection to the trial transcript and in refusing the motion for an evidentiary hearing.

### C. Authentication of Evidence

Finally, Knowles contends that the trial court erred in ruling that his testimony was insufficient to authenticate the documents.

"`The admissibility of evidence is within the broad discretion of the trial court, and a ruling will not be disturbed on appeal in the absence of an abuse of discretion.'" Braxton v. Commonwealth, 26 Va. App. 176, 186, 493 S.E.2d 688, 692 (1997) (quoting Blain v. Commonwealth, 7 Va. App. 10, 16, 371 S.E.2d 838, 842 (1988)). Knowles proffered testimony that he had examined each of the computer files prior to his incarceration and that he could identify the documents as exact copies of those computer files that he had observed on the computer's video monitor.

The trial court ruled that Knowles was not present when the computer expert extracted the records from the computer and, therefore, Knowles had no personal knowledge of the records'

immediate origin.  Knowles could not verify that the documents proffered into evidence had come from a particular computer, when the messages had been received, stored, or printed, or other information that a computer expert would know in order to authenticate a computer document.  Although a party may authenticate a writing in various ways, including through circumstantial evidence, "[t]he amount of evidence sufficient to establish authenticity will vary according to the type of writing, and the circumstances attending its admission."  <u>Walters v. Littleton</u>, 223 Va. 446, 451, 290 S.E.2d 839, 842 (1982); <u>see Ragland v. Commonwealth</u>, 16 Va. App. 913, 919, 434 S.E.2d 675, 679 (1993).  A computer record is peculiarly susceptible to tampering and to unidentifiable alterations by any person who has access to the computer.  We cannot say, therefore, that the trial court abused its discretion by refusing to admit into evidence the computer documents absent the authenticating testimony of the computer professional who extracted the documents.  Furthermore, the trial court's exclusion of the documents did not prejudice Knowles because he was allowed to testify as to the substance of the computer messages that he had observed.

For the reasons stated, the decision of the trial court is affirmed.

<u>Affirmed</u>.