COURT OF APPEALS OF VIRGINIA


Present:  Chief Judge Fitzpatrick, Judges Coleman and Bray
Argued at Richmond, Virginia


JERMAINE ALFONZO HARRIS, s/k/a
 JERMAINE ALFONSO HARRIS
                                 MEMORANDUM OPINION* BY
v.    Record No. 2568-98-2    CHIEF JUDGE JOHANNA L. FITZPATRICK
                                  JANUARY 11, 2000
COMMONWEALTH OF VIRGINIA


            FROM THE CIRCUIT COURT OF THE CITY OF RICHMOND
                    James B. Wilkinson, Judge

            Kenneth C. Chrisman for appellant.

            John H. McLees, Jr., Assistant Attorney
            General (Mark L. Earley, Attorney General, on
            brief), for appellee.


     Jermaine Alfonzo Harris (appellant) and his two

codefendants were convicted in a joint jury trial of

second-degree murder, in violation of Code § 18.2-32.  On

appeal, appellant contends the trial court erred by refusing to

grant his request for a mistrial because the Assistant

Commonwealth's Attorney:  (1) improperly "maligned" defense

counsel during the guilt/innocence phase of trial; (2) referred

to the codefendants as "animals" during closing arguments in the

penalty phase of trial; and (3) mentioned parole during closing

---

    * Pursuant to Code § 17.1-413, recodifying Code
§ 17-116.010, this opinion is not designated for publication.

arguments in the penalty phase of trial.  For the following

reasons, we reverse and remand for re-sentencing.

## I.  BACKGROUND

Under familiar principles of appellate review, we examine

the evidence in the light most favorable to the Commonwealth,

the prevailing party below, granting to it all reasonable

inferences fairly deducible therefrom.  See Juares v.

Commonwealth, 26 Va. App. 154, 156, 493 S.E.2d 677, 678 (1997).

So viewed, the evidence established that Darlene Kittrell and

Shateema Smith were walking home when Isham Davis told them that

Vincent Hall was beating Smith's mother.  A fight ensued, and

Hall was thrown to the ground.  After he fell, a group of

people, including appellant and two codefendants, attacked Hall.

Kittrell testified that the two codefendants kicked and

"stomped" Hall's head, while appellant kicked his legs.  Julius

Gibson, another witness, confirmed that appellant was one of the

attackers.  Hall died as a result of the head injuries sustained

in this attack.

At the conclusion of the guilt phase, the jury convicted

appellant and his two codefendants of second-degree murder.  In

closing argument during the penalty phase of the trial, the

Assistant Commonwealth's Attorney described the violent nature

of Hall's death and stated the following:

> . . . And, Vincent Hall, the manner in which
> he died is horrendous, absolutely
> horrendous.  There is no excuse whatsoever.

-

> There is no excuse for somebody stomping on
> somebody's head. . . . And [Hall] died
> going through an absolutely horrible,
> torturous experience.
> <u>I am not even going to call them
> animals because animals don't kill their
> own.</u>

(Emphasis added). Appellant objected to the statement and moved for a mistrial. Although denying a mistrial, the trial court sustained the objection and instructed the jury to disregard the statement.

In closing argument at the penalty phase, appellant's attorney suggested to the jury that a sentence of five years would keep appellant in prison until October 7, 2003.[1] In its rebuttal argument, the Commonwealth argued that this statement was untrue.

> As I said before, the defense attorney's job
> is to sell you a bill of goods in some
> cases. And, they're telling you on
> October 7, five years from now, [the
> defendants will be released,] and that's not
> really true. In Virginia they will be
> eligible for parole--

---

[1] Other counsel representing Isham Davis, one of the codefendants in this case, first argued this issue in his closing argument in the penalty phase. Counsel stated that by sentencing Davis to five years imprisonment he would not "have the opportunity to take a breath as a free man" until October 7, 2003. Counsel also stated: "I suggest to you that five years incarceration for this crime is more than adequate. It is the minimum of what you can impose and it's what you should impose." Appellant's counsel made the same argument.

Appellant and other counsel objected to the Commonwealth's injecting the issue of parole. In the presence of the jury, the trial court stated the following:

> You are correcting what they said, but you can't go into that. They were wrong. <u>They won't be serving five years. He gets a certain amount of time off for good time.</u> . . . Don't go into the parole laws. Just leave it like it is. That is not correct. The Court will instruct them that is not correct.

(Emphasis added).

During the jury's sentencing deliberations, the parties debated at length the motion for a mistrial, including the Commonwealth's reference to the defendants as "animals," the mention of parole, and the trial court's statement regarding early release for "good time." The trial court recalled the jury and provided the following cautionary instruction:

> All right, ladies and gentlemen of the jury, any reference by the Commonwealth's Attorney to the word animal you completely disregard and dismiss it all together. On the question of parole, you should not concern yourself with that one way or the other. You fix what you think is a just penalty. What takes place after that is none of your concern, nor of mine. You understand? So, dismiss all that from your mind in your deliberations. Does anyone have any questions about that? All right. Thank you. Y'all may retire.

The jury deliberated further and sentenced appellant to twenty years imprisonment.

-

II.  MOTION FOR MISTRIAL

The decision to grant a mistrial lies within the sound discretion of the trial court.  See Kasi v. Commonwealth, 256 Va. 407, 424, 508 S.E.2d 57, 67 (1998); Clagett v. Commonwealth, 252 Va. 79, 88, 472 S.E.2d 263, 268 (1996).  "Whether improper evidence is so prejudicial as to require a mistrial is a question of fact to be resolved by the trial court in each particular case."  Beavers v. Commonwealth, 245 Va. 268, 280, 427 S.E.2d 411, 420 (1993), cert. denied, 510 U.S. 859 (1993).  "Thus, a trial court's denial of a motion for a mistrial will not be reversed on appeal unless there exists a manifest probability as a matter of law that the improper evidence prejudiced the accused."  Mills v. Commonwealth, 24 Va. App. 415, 420, 482 S.E.2d 860, 862 (1997).

A.  Commonwealth's Reference to "Animals"

"It is well-settled that errors assigned because of a prosecutor's alleged improper comments or conduct during argument will not be considered on appeal unless an accused timely moves for a cautionary instruction or for a mistrial."  Cheng v. Commonwealth, 240 Va. 26, 38, 393 S.E.2d 599, 605-06 (1990).  "This requirement affords the trial court the opportunity to provide cautionary instructions when appropriate to correct the alleged error."  Mack v. Commonwealth 20 Va. App. 5, 8, 454 S.E.2d 750, 751 (1995) (citing Beavers, 245 Va. at 279, 427 S.E.2d at 419).  Thus, a judgment will not be reversed

-

"for a statement of counsel which the court afterwards directs the jury to disregard unless there is a manifest probability that the . . . statement has been prejudicial to the adverse party." Kitze v. Commonwealth, 246 Va. 283, 288, 435 S.E.2d 583, 585 (1993) (quoting Saunders v. Commonwealth, 218 Va. 204, 303, 237 S.E.2d 150, 156 (1977)).

In the instant case, the record established that the trial court promptly and unequivocally instructed the jury to disregard the Commonwealth's reference to animals. The jury is presumed to have followed the trial court's curative instruction. See Newton v. Commonwealth, 29 Va. App. 433, 450, 512 S.E.2d 846, 854 (1999); Mills v. Commonwealth, 24 Va. App. 415, 420, 482 S.E.2d 860, 862 (1997) ("Juries are presumed to follow prompt, explicit, curative instructions from the trial judge.").[2] Accordingly, the trial court did not abuse its discretion in denying appellant's motion for a mistrial based upon the Commonwealth's remarks about "animals."

---

[2] Rosser v. Commonwealth, 24 Va. App. 308, 482 S.E.2d 83 (1997), cited by appellant, is factually distinguishable. In that case, the prosecutor told the jury that the defendant, while sitting shackled in plain view, was "an animal . . . in every sense of the word. . . ." Id. at 313, 482 S.E.2d at 86. Although the trial judge "requested" the jury to disregard the statement, we held that the prosecutor was not "chastised" for making an inappropriate argument and that the request "lacked the direction that should be given when inappropriate argument is made." Id. at 316, 482 S.E.2d at 87.

-

B.  Mention of Parole

Also, in closing argument in the penalty phase, appellant's counsel argued that appellant was the least culpable of those involved.  He requested the jury to sentence appellant to the five-year minimum term of imprisonment and said if so he would be incarcerated until October 7, 2003.  To address this statement, the Assistant Commonwealth's Attorney referred to the parole process:  "In Virginia they will be eligible for parole . . . ."  While sustaining appellant's objection, the trial court continued the colloquy in front of the jury and injected the issue of "good time."  The trial court stated: "They won't be serving five years.  He gets a certain amount of time off for good time."

Although the trial court instructed the jury to disregard the issue of parole, at that point the jury had heard from both the Commonwealth and the trial court that appellant would not serve the time imposed.  These remarks were highly prejudicial and there is a manifest probability that the statements improperly influenced the jury's verdict.  See, e.g., Kitze, 246 Va. at 288, 435 S.E.2d at 585 (statement to jury that the defendant "may go free" if they found him not guilty by reason of insanity was improper); Walker v. Commonwealth, 25 Va. App. 50, 63, 486 S.E.2d 126, 133 (1997) ("To inform the jury that credit for good behavior exists may invite the jury to attempt to compensate for the credit, resulting in a sentence longer

-

than the jury intended to impose."). Additionally, the trial court's cautionary instruction that the jury should not concern itself with what happens after conviction did not remove the prejudicial effect of the improper comments. <u>See</u> <u>Kitze</u>, 246 Va. at 289, 435 S.E.2d at 586.

Accordingly, we reverse and remand the case for re-sentencing.[3]

<u>Reversed and remanded</u>
<u>for re-sentencing.</u>

---

[3] Appellant's argument that the Assistant Commonwealth's Attorney improperly "maligned" defense counsel during the guilt/innocence phase of trial is procedurally barred. Appellant did not object to any of the Commonwealth's remarks and we will not address this issue for the first time on appeal. <u>See</u> Rule 5A:18.

-