COURT OF APPEALS OF VIRGINIA


Present:  Judges Elder, Clements and Agee
Argued at Richmond, Virginia


ROY G. E. LONGFIELD, S/K/A
 ROY W. LONGFIELD

MEMORANDUM OPINION* BY
v.    Record No. 0303-01-2         JUDGE G. STEVEN AGEE
JANUARY 29, 2002
COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF WESTMORELAND COUNTY
Horace A. Revercomb, III, Judge

Gordon A. Wilkins (Wilkins & Davison, on
brief), for appellant.

Eugene Murphy, Assistant Attorney General
(Randolph A. Beales, Attorney General, on
brief), for appellee.


    Roy G.E. Longfield (Longfield) was found guilty by a jury

and convicted of two counts of aggravated sexual battery, in

violation of Code § 18.2-67.3, and of having carnal knowledge of

a child between the ages of 13 and 15, in violation of Code

§ 18.2-63.  He was sentenced to serve a term of four years

incarceration and to pay fines totaling $3,000.  On appeal he

contends the trial court erred by (1) allowing more than two

witnesses to testify in corroboration of the victim's complaint

being made and (2) refusing to declare a mistrial after a

witness testified that the victim was afraid Longfield would

────────────────
    * Pursuant to Code § 17.1-413, this opinion is not
designated for publication.

hurt other children.  For the following reasons, we affirm the decisions of the trial court.

## I.  BACKGROUND

As the parties are fully conversant with the record in this case and because this memorandum opinion carries no precedential value, only those facts necessary to a disposition of this appeal are recited.

Longfield sexually assaulted the complainant (the victim) in 1998 when she was twelve years old.  In 1999, shortly after the victim turned thirteen years old, Longfield had sexual intercourse with her.  Two weeks after this incident, the victim told her brother and a friend of the assaults.  The brother arranged for their mother to be told about the incident.  Later, the victim described the assaults to her special education teacher, an investigating police officer and her therapist.

At trial, the brother, the mother, the teacher, the investigating officer and the therapist each testified as to the victim's outcry to him or her.  Longfield objected to the testimony of the teacher, the officer and the therapist as "a parade of witnesses" and "piling on evidence."  The objection was overruled.

The therapist also testified that the victim "was very concerned that [Longfield], would harm other young girls."  Longfield objected to this statement and moved for a mistrial.

The trial judge took the motion under advisement and later instructed the jury to ignore the statement.

## II. THE ALLOWANCE OF MULTIPLE WITNESSES

Longfield's first contention on appeal is that the trial court erred in allowing more than two witnesses to testify as to the victim telling each of them of her assault. Longfield does not argue that all witness testimony regarding the victim's complaints of sexual assault should have been excluded, only those made to the teacher, the investigating officer and the therapist. He does not challenge the timeliness of any of the complaints, nor does he suggest that the foundation provided for the witnesses' testimony was improper. He contends the Commonwealth was limited to two witnesses to the victim's complaint and the testimony of any additional witnesses is barred by the hearsay rule. Further, he argues that the testimony given by the teacher, the investigating officer and the therapist of the victim's prior consistent statements was "merely cumulative and . . . prejudicial to [him]." Upon a review of the record, we find no reversible error.

## A. STANDARD OF REVIEW

Whether evidence is admissible lies within the sound discretion of the trial court and will not be disturbed on appeal absent an abuse of discretion. See Blain v. Commonwealth, 7 Va. App. 10, 16, 371 S.E.2d 838, 842 (1988). Longfield bears the burden of showing that the trial court's

- 3 -

ruling to admit the evidence of the victim's complaints of sexual assault constituted reversible error. See Fore v. Commonwealth, 220 Va. 1007, 1010, 265 S.E.2d 729, 731, cert. denied, 449 U.S. 1017 (1980). Longfield failed to meet this burden.

### B. THE TESTIMONY WAS NOT INADMISSIBLE HEARSAY

The testimony of the teacher, the investigating officer and the therapist was admitted as corroboration of the victim's testimony that Longfield had sexually assaulted her and that she had been consistent in her allegations. Longfield complains that the trial court erred in allowing the testimony, averring the Commonwealth was limited by the hearsay rule to two "recent complaint" witnesses (the mother and brother of the victim).

"As a general rule, a prior consistent statement of a witness is inadmissible hearsay." Faison v. Hudson, 243 Va. 397, 404, 417 S.E.2d 305, 309 (1992). However, Virginia common law permitted an exception to the general rule of exclusion to admit into evidence recent complaints of rape or other sexual abuse as corroborating evidence. Terry v. Commonwealth, 24 Va. App. 627, 632-33, 484 S.E.2d 614, 616-17 (1997). The General Assembly codified this exception when Code § 19.2-268.2 was adopted in 1993, which provides that "in any prosecution for criminal sexual assault . . ., the fact that the person injured made complaint of the offense recently after commission of the offense is admissible, not as independent evidence of the

- 4 -

offense, but for the purpose of corroborating the testimony of the complaining witness."

The plain language of the statute does not limit the number of recent complaints that the Commonwealth may introduce into evidence to corroborate the victim's testimony. There is also no case law barring the Commonwealth from presenting more than two corroborating witnesses. Therefore, each witness' testimony was admissible and not barred by the hearsay rule.

C. THE TESTIMONY WAS NOT UNDULY CUMULATIVE OR PREJUDICIAL

Longfield further challenges the testimony of the three witnesses as cumulative and unduly prejudicial. Again, we do not find the admittance of the testimony to be reversible error.

The testimony of the teacher, the investigating officer and the therapist corroborated the victim's testimony that her accusations against Longfield were not inconsistent fabrications. Corroborative evidence is evidence that "adds to, strengthens, and confirms the [witness'] testimony." Clay v. Commonwealth, 33 Va. App. 96, 110, 531 S.E.2d 623, 629 (2000).

Longfield put the victim's credibility into question on cross-examination of the victim and through his own witnesses. He asked the victim whether she recalled telling two of her friends/classmates that she was not abused. He asked if she recalled being willing to move, after the alleged assaults, into the same house where Longfield was living. Longfield presented witnesses who testified the victim told them the alleged events

- 5 -

of sexual abuse did not occur.  His questions indicated that the victim was inconsistent and was fabricating the alleged abuse. To contradict Longfield's direct challenge to the victim's veracity, the Commonwealth was fully entitled to present witnesses to confirm that the victim had complained of the abuse.

Even if the corroborating testimony was also cumulative, it was admissible.  "'Where testimony is material "even though cumulative to some extent" it should nonetheless be considered.'"  Id. at 110, 531 S.E.2d at 630 (quoting Massey v. Commonwealth, 230 Va. 436, 442, 337 S.E.2d 754, 758 (1985)). "Evidence is admissible if it tends to prove a matter that is properly at issue in the case and if its probative value outweighs policy considerations."  Blain, 7 Va. App. at 17, 371 S.E.2d at 842.  "Evidence which 'tends to cast any light upon the subject of the inquiry' is relevant."  Cash v. Commonwealth, 5 Va. App. 506, 510, 364 S.E.2d 769, 771 (1988) (quoting McNeir v. Greer-Hale Chinchilla Ranch, 194 Va. 623, 629, 74 S.E.2d 165, 169 (1953)).  Here, whether the victim's allegation was a fabrication or that she was inconsistent in relaying her complaint to witnesses, was a central and controlling issue in this case.  The testimony of the witnesses was, therefore, probative.

Upon finding the testimony to be material, we are now required to determine whether the probative value of this

testimony is outweighed by any prejudicial effect to Longfield.

Clay, 33 Va. App. at 107, 531 S.E.2d at 628.

> Some of the factors which may be considered in determining whether the evidence is unduly prejudicial and the trial court abused its discretion in judging the balance in favor of admission include whether the content of the statements tends to "arouse the jury's hostility or sympathy for one side without regard to the probative value of the evidence," McCormick on Evidence § 185, at 780 [(4th ed. 1992)], and whether it tends to confuse or mislead the trier of fact, see id. at 781, or distract it to irrelevant considerations.  See id. Finally, where the proofs and counterproofs of such facts require an inordinate amount of time to accomplish, the evidence may properly be excluded.  See id.; State v. Patricia A. M., 500 N.W.2d 289, 294 (Wis. 1993) ("Evidence is unduly prejudicial when it threatens fundamental goals of accuracy and fairness of trial by misleading [the] jury or by influencing [the] jury to decide [the] case on [an] improper basis, and unfairness attaches if evidence tends to influence outcome by improper means, or it appeals to [the] jury's sympathies, arouses its sense of horror, promotes its desire to punish or otherwise causes [the] jury to base its decision on extraneous considerations.").

Id. at 107-08, 531 S.E.2d at 628.

We find the probative effect of the evidence was not outweighed by any potential for prejudicing the jury in its consideration of the issues.  The probative value of knowing that the victim had consistently informed several witnesses of the alleged abuse outweighed any prejudice perceived by Longfield.

Therefore, the trial court, within its discretion, correctly admitted the collaborating testimony of the teacher, the investigating officer and the therapist. There was no reversible error.

### III. MOTION FOR MISTRIAL

Longfield's second contention on appeal is that the trial court erred in failing to grant a mistrial after a witness testified that the victim was concerned Longfield would harm other young girls. He argues the testimony was prejudicial and could not be sufficiently cured by a cautionary instruction to the jury to disregard the statement.

"Whether improper evidence is so prejudicial as to require a mistrial is a question of fact to be resolved by the trial court in each particular case." Beavers v. Commonwealth, 245 Va. 268, 280, 427 S.E.2d 411, 420 (1993) (citing Lewis v. Commonwealth, 211 Va. 80, 83, 175 S.E.2d 236, 238 (1970)). "[W]hether a trial court should grant a mistrial is a matter resting within its discretion, and absent a showing of abuse of discretion, the court's ruling will not be disturbed on appeal." Cheng v. Commonwealth, 240 Va. 26, 40, 393 S.E.2d 599, 607 (1990). The judgment "will not be reversed for the improper admission of evidence that a court subsequently directs a jury to disregard because juries are presumed to follow prompt, explicit, and curative instructions." Beavers, 245 Va. at 280, 427 S.E.2d at 420. Only if a manifest probability existed as a

- 8 -

matter of law that the improper evidence prejudiced Longfield by remaining on the minds of the jury and influencing their verdict despite the instruction to disregard it, will the trial court's decision be reversed.  See Mills v. Commonwealth, 24 Va. App. 415, 420, 482 S.E.2d 860, 862 (1997).  "Whether a manifest probability exists that the improper evidence prejudiced the accused despite [a court's] cautionary instruction depends upon the nature of the incompetent evidence when considered in relation to the nature of the charges, the other evidence in the case, and [the] manner in which the prejudicial evidence was presented."  Id. at 420-21, 482 S.E.2d at 862-63.[1]

Upon review of the record, we hold that the curative instruction was clear and easily understood by the jury that the therapist's statement was not evidence in the case and it was not to be considered by the jury.  The therapist was asked "Did she[, the victim,] express to you any concerns with regards to Mr. Longfield after she came to you?"  The therapist replied, "Yes she did.  She was very concerned that he would harm other young girls."  Longfield immediately objected and asked for a mistrial.  The trial judge, recognizing the response was "extremely prejudicial," addressed the jury:  "I instruct you to

_____

[1] There is no allegation in this case that the witness' testimony was contrived or intentionally offered by the witness to prejudice the jury.  That is in distinct contrast to the contested testimony in Mills, which appeared to be deliberately manipulated by the witness to be prejudicial.

- 9 -

entirely disregard that statement, and set it aside.  You cannot consider that testimony at all."

In view of the weight of the submitted evidence that the victim had been assaulted, the manner in which the victim's fears were mentioned by the therapist and the speed, clarity and decisiveness of the trial judge's curative instruction, we do not find that a manifest probability existed that the jury's verdict was affected by hearing the testimony in question. Accordingly, we cannot say that the trial court abused its discretion as a matter of law.

For the forgoing reasons, we uphold the decisions of the trial court and affirm Longfield's convictions.

<u>Affirmed.</u>