COURT OF APPEALS OF VIRGINIA

Present:  Judges Coleman, Bumgardner and Lemons
Argued at Salem, Virginia


JAMES HENRY BURLEY
                                            OPINION BY
v.    Record No. 0568-97-3      JUDGE RUDOLPH BUMGARDNER, III
                                        FEBRUARY 2, 1999
COMMONWEALTH OF VIRGINIA


            FROM THE CIRCUIT COURT OF AMHERST COUNTY
                    J. Michael Gamble, Judge

        James J. Angel for appellant.

        Marla Graff Decker, Assistant Attorney
        General (Mark L. Earley, Attorney General, on
        brief), for appellee.



     James Henry Burley appeals his conviction of the murder of

Robin Burge and the related charges of use of a firearm during

the commission of the murder and possession of a firearm by a

convicted felon.  On appeal he contends that the trial court

erred (1) by admitting evidence that he committed a second murder

and (2) by trying the charge of possession of a firearm by a

felon with the other charges.  We find that the trial court

properly admitted evidence of the second murder and committed no

reversible error in not severing the possession of a firearm by a

felon charge.

     A deputy sheriff found the body of Robin Burge on November

22, 1995, while hunting in a remote part of Amherst County.  On

December 28, 1995, another hunter found the body of Jacqueline

Carter in another remote part of the county about four miles from

the location of Burge's body.  Both victims had been shot with

the same pistol.

On February 28, 1996, the sheriff's office received information that pointed their investigation toward the defendant.  Deputies went to his trailer with a search warrant for the defendant's truck.  While there, the sheriff's investigator mentioned the murder of Robin Burge.  The investigator explained that he was looking for the murder weapon.  He asked the defendant for permission to search the trailer but told the defendant that he did not have a search warrant for his trailer and that the defendant did not have to give permission. He told the defendant that if he would let him search the trailer, he would not place any firearm charges unless he found one of the type used to kill Burge.  The investigator said he knew the defendant was a convicted felon and was not supposed to have any guns in his possession.  The defendant gave permission for the search saying that he had nothing to hide.

The deputies first found a box of Remington Express .32 caliber Smith and Wesson long shells in a jewelry box on the defendant's dresser.  When the deputies found the box of shells, the defendant denied owning a .32 caliber pistol.  Then they found a loaded .32 caliber Colt revolver hidden in a box of clothes under a clothes basket in the defendant's closet.  When the gun was found, the defendant expressed surprise and denied owning the gun or knowing how it got among his clothes.

The deputies arrested the defendant and charged him with

both murders. Later, the defendant admitted lying about the gun and said that he had gotten it recently at a flea market. Ballistic tests conclusively established that it was the weapon used to kill both Robin Burge and Jacqueline Carter. The shells found on the defendant's dresser and loaded in the pistol cylinder were the type used to commit the murders.

In this case, the essential fact that the Commonwealth had to prove was whether the defendant possessed the murder weapon at the time of the murder. The fact could only be proven by circumstantial evidence. The more times the witnesses put the defendant in possession of the gun and the closer the occasions were to the date of the murder the more convincing the inference of guilt. The Commonwealth had to show, as completely as it could, that the defendant always possessed the gun from before the Burge murder until the time the deputies found it in his closet.

Douglas Heirs testified that he had given the defendant the Colt revolver in June 1995. Heirs said he had bought it twelve years before at a flea market. He also gave the defendant a holster, a gun case, and a box of .32 caliber Smith and Wesson long cartridges for which he still had the receipt. Raymond Goode testified that while he was in jail with the defendant the defendant told him he had shot "Robin." Caroline Paul, the defendant's girlfriend, identified the gun as the one she saw in the defendant's truck around Christmas 1995. She said the

defendant kept the pistol and case under the seat of his truck. She also had seen the gun on the coffee table and under the mattress in his trailer in January or February 1996. She further testified that on December 27, 1995, the defendant identified the place where Robin Burge's body had been found and pointed out a yellow bus that he said was the place where she had been murdered.

The Commonwealth presented evidence to show that the defendant possessed the gun on December 27, 1995, when it was used to murder Jacqueline Carter. Three witnesses testified: Dr. David Oxley, David Gibbs, and Christopher Slusher. Christopher Slusher testified that while he and the defendant were both in jail he overheard the defendant admit that he had shot Jacqueline Carter. Oxley and Gibbs established that the Burge murder weapon was also the Carter murder weapon. The defendant objected to any reference to the Carter murder. As each item related to that murder was presented, the trial court overruled the objection but gave a cautionary instruction that the jury must only consider the evidence on the issue of ownership or possession of the firearm.

As a rule, evidence of other criminal conduct is inadmissible. See Kirkpatrick v. Commonwealth, 211 Va. 269, 272, 176 S.E.2d 802, 805 (1970). Such evidence is usually excluded "because it may confuse the issues being tried and cause undue prejudice to the defendant." Guill v. Commonwealth, 255 Va. 134,

138, 495 S.E.2d 489, 491 (1998) (citation omitted).  However, evidence of other criminal conduct is admissible if it tends to prove any relevant element of an offense charged.  See id. at 139-40, 495 S.E.2d at 492 (other crimes evidence admissible where there is an "intimate" or "'logical and natural connection between the two acts'"); Kirkpatrick, 211 Va. at 272, 176 S.E.2d at 805.  The exceptions allow the evidence to be considered when it tends to prove method, intent, identity, or criminal agency.  See id.; Cheng v. Commonwealth, 240 Va. 26, 33, 393 S.E.2d 599, 603 (1990); Spencer v. Commonwealth, 240 Va. 78, 89, 393 S.E.2d 609, 616, cert. denied, 498 U.S. 908 (1990); Scott v. Commonwealth, 228 Va. 519, 526, 323 S.E.2d 572, 577 (1984).

The Supreme Court has consistently upheld the admission of evidence that the defendant committed an additional crime when that evidence connects the defendant to the murder weapon.  In Woodfin v. Commonwealth, 236 Va. 89, 372 S.E.2d 377 (1988), cert. denied, 490 U.S. 1009 (1989), the defendant was tried for capital murder.  The trial court admitted the evidence that he shot a deputy sheriff two hours after the capital murder and that he shot a police officer two days later.  The same revolver was used at each shooting.  The court permitted the evidence of the second and third shootings because the case was "based on circumstantial evidence, proof that defendant was the criminal agent, an essential element of the offenses, depended on linking him with the revolver used to kill the victims."  Id. at 95, 372 S.E.2d at

381.

In Cheng, 240 Va. 26, 393 S.E.2d 599, the defendant was tried for capital murder. Evidence that he had planned to use a shotgun in a robbery was properly admitted because it was connected and led up to the murder charge. In Tuggle v. Commonwealth, 228 Va. 493, 323 S.E.2d 539 (1984), also a capital murder, the defendant's statement that he had robbed a service station was permitted because it linked him to the murder weapon. "Tuggle's voluntary exclamation established his possession of the murder weapon. Therefore, this evidence was connected with the charge for which Tuggle was on trial. Seizure of the weapon from Tuggle's possession and the scientific evidence derived therefrom were most important in the truth-finding process." Id. at 507, 323 S.E.2d at 547.

In Kirkpatrick, 211 Va. 269, 176 S.E.2d 802, the Court permitted evidence that the defendant stole the murder weapon.

> The mere fact that one or more links of that chain consist of circumstances which indicate that Poole and Kirkpatrick were involved in the larceny of the gun from Lawson Jones is no reason why the court should exclude those circumstances. They are "so intimately connected and blended with the main facts adduced in evidence, that they cannot be departed from with propriety; and there is no reason why the criminality of such intimate and connected circumstances, should exclude them, more than other facts apparently innocent."

Id. at 276, 176 S.E.2d at 807-08 (quoting Walker v. Commonwealth, 1 Leigh (28 Va.) 574, 576 (1829)).

- 6 -

The leading case of <u>Walker</u>, 1 Leigh (28 Va.) 574, established the general principle that other crimes evidence may be admissible. As its illustration of this principle, the Court gives a hypothetical case in which a murder weapon is linked to the defendant through proof that he committed a separate crime.

> Thus, if a man be indicted for murder, and there be proof that the instrument of death was a pistol; proof, that that instrument belonged to another man, that it was taken from his house on the night preceding the murder, that the prisoner was there on that night, and that the pistol was seen in his possession on the day of the murder, just before the fatal act committed, is undoubtedly admissible, although it has the tendency to prove the prisoner guilty of a larceny.

<u>Id.</u> at 576-77.

As a principle of law, evidence of other crimes is admissible when it links the murder weapon to the defendant because it is so highly relevant that its probative value outweighs any prejudice. The principle applies to the present case. Evidence of the Carter murder inextricably linked the Burge murder weapon to the defendant. The criminal agency of the defendant was an essential element of the charge of murder of Robin Burge. The physical evidence alone supplied sufficient direct evidence to prove all other elements of the crime, but only circumstantial evidence could establish the criminal agency of the defendant.

The person who murdered Robin Burge possessed the Colt revolver and the .32 caliber Smith and Wesson long shells when

the murder occurred. If the defendant possessed the weapon at that time, he killed Robin Burge. Any evidence that linked him to the weapon tended to make his guilt more probable. The more times he was found in possession and the closer the occasions were to the date of the murder, the more convincing the inference that he possessed it when Robin Burge was killed. The links between the defendant and the murder weapon were highly relevant because they tended logically to establish the essential premise of the Commonwealth: the defendant possessed the murder weapon when the victim was shot.

The defendant initially denied possession and ownership of the weapon, denied knowing or murdering Burge, and later only claimed to have bought it recently. During the trial, he vigorously attacked any testimony linking him to the gun. The Commonwealth was not required to rely on the fact that the murder weapon was found in the defendant's possession three months after the murder, nor was it required only to use instances that did not also connect the defendant to other crimes. The Commonwealth had to prove beyond a reasonable doubt that the defendant possessed the weapon on November 22, 1995. The Commonwealth is "not obliged to have faith that the jury would be satisfied with any particular one or more items of proof. Therefore, it was entitled to utilize its entire arsenal." Pittman v. Commonwealth, 17 Va. App. 33, 35-36, 434 S.E.2d 694, 696 (1993).

> [T]he perpetrator has no right to have the
> evidence "sanitized" so as to deny the jury
> knowledge of all but the immediate crime for

which he is on trial.  The fact-finder is entitled to all of the relevant and connected facts, including those which followed the commission of the crime on trial, as well as

those which preceded it; even though they may show the defendant guilty of other offenses.

<u>Scott</u>, 228 Va. at 526-27, 323 S.E.2d at 577 (citations omitted).

The trial court appropriately cautioned the jury to consider the evidence for the limited purpose of determining the defendant's possession of the gun at the time of the Burge murder. <u>See</u> <u>Kelly v. Commonwealth</u>, 8 Va. App. 359, 370-71, 382 S.E.2d 270, 276 (1989). Juries are presumed to follow prompt cautionary instructions regarding the limitations placed upon evidence. <u>See</u> <u>LeVasseur v. Commonwealth</u>, 225 Va. 564, 589, 304 S.E.2d 644, 657 (1983), <u>cert.</u> <u>denied</u>, 464 U.S. 1063 (1984).

The evidence that linked the defendant to the murder weapon when Jacqueline Carter was killed was highly probative of his criminal agency during the Robin Burge murder. However, admissibility is still "subject to the further requirement that the legitimate probative value . . . exceed[s] the incidental prejudice caused the defendant." <u>Guill</u>, 255 Va. at 139, 495 S.E.2d at 491-92 (citation omitted). The probative value in proving the essential issue in the trial outweighed any incidental prejudice it caused the defendant. We find that the evidence of Carter's murder was properly admitted for the limited purpose of establishing the defendant's possession of the murder weapon on November 22, 1995. The trial court properly admitted evidence regarding the defendant's possession of the firearm during Carter's murder.

Next, the defendant complains that the court erred in not

severing the charge of possession of a firearm by a felon from the other charges. When the case first came for trial, all charges arising from the two murders were scheduled to be heard together. The defendant in a written motion asked the court to sever the Burge murder charges from the Carter murder charges. The trial court granted the motion as made. On the morning of the first day of trial, the defendant made a new motion requesting that the trial court also sever the charge of possession of a firearm by a felon. The trial court ruled that the fact the defendant was a felon was intertwined with the proof of the murder charge and that it was independently admissible during the trial of the murder charge.

In Hackney v. Commonwealth, 28 Va. App. 288, 295, 504 S.E.2d 385, 389 (1998) (en banc), we held that "a trial court must sever a charge of possession of a firearm by a convicted felon from other charges that do not require proof of a prior conviction." This Court held "as a matter of public policy, we will not condone a trial court's clear error in disregarding our decisions in Johnson [v. Commonwealth, 20 Va. App. 49, 455 S.E.2d 261 (1995),] and Long [v. Commonwealth, 20 Va. App. 223, 456 S.E.2d 138 (1995),] by refusing to sever the possession . . . charge predicated on the assumption that an accused will testify and render the error harmless." Id. at 295, 504 S.E.2d at 389.

In the present case, the trial court failed to apply the holdings in Johnson and Long requiring severance. The trial

court erroneously ruled that the fact the defendant was a felon was intertwined with proof of the murder charge and was independently admissible during the murder trial. The defendant's primary charges were murder and use of a firearm during the murder. The defendant's felony status was not an element of those charges. Nevertheless, the defendant made no objection to the deputy testifying about his conversation with the defendant concerning the fact that he was a convicted felon. Thus, while the fact that the defendant was a convicted felon was interjected without objection, the actual felony order of conviction, which specified the crime and the sentence imposed, was not independently admissible. Assuming the trial court erred when it did not sever the charges and permitted introduction of the felony conviction order, we find that the error was harmless under the circumstances of this case.

The reason the trial court refused to sever the charges is different from the reasons that caused this Court to refuse in Hackney to apply harmless error analysis. Accordingly, that precedent does not prevent a harmless error review in this case. The harmless error doctrine "enables an appellate court . . . to ignore the effect of an erroneous ruling when an error clearly has had no impact upon the verdict or sentence in a case." Hackney, 28 Va. App. at 296, 504 S.E.2d at 389 (citation omitted). See Rozier v. Commonwealth, 219 Va. 525, 528, 248 S.E.2d 789, 791 (1978) (error does not require automatic reversal

of conviction).  An error is harmless when a "'reviewing court, can conclude, without usurping the jury's fact finding function, that, had the error not occurred, the verdict would have been the same.'"  Davies v. Commonwealth, 15 Va. App. 350, 353, 423 S.E.2d 839, 840 (1992) (quoting Lavinder v. Commonwealth, 12 Va. App. 1003, 1005, 407 S.E.2d 910, 911 (1991) (en banc)).  See Harris v. Commonwealth, 27 Va. App. 554, 568, 500 S.E.2d 257, 264 (1998) (admission of evidence was nonconstitutional error).

The conviction order informed the jury that the defendant had committed grand larceny thirteen years earlier.  Considering the totality of circumstances and the weight of the Commonwealth's evidence, we find that evidence of that conviction did not affect the verdict.  See Lavinder, 12 Va. App. at 1005, 407 S.E.2d at 911 (citation omitted).  The evidence of defendant's guilt was overwhelming.  See, e.g., Brown v. Commonwealth, 25 Va. App. 171, 183, 487 S.E.2d 248, 254 (1997).  The physical evidence clearly proved all the elements of murder except who was the criminal agent.  The criminal agency of the defendant was the essential issue.  The circumstantial evidence of the defendant's criminal agency was similarly so clear and overwhelming that we can find that the evidence of an earlier conviction for grand larceny plainly had no affect on the verdict or the sentence.

The circumstantial evidence which proved that the defendant was the criminal agent was the following:  Heirs testified that

in June 1995 he gave the defendant the gun that was used to kill Robin Burge.  Paul testified that she observed the gun in the defendant's truck around Christmas 1995.  When the investigator found the gun in the defendant's possession, he first denied ownership of the weapon but then admitted that he recently obtained it.  Goode testified that the defendant told him that he shot Robin, a prostitute, when she took his drugs and did not have sex with him.  The victim's body contained evidence of cocaine, and there was no evidence of sexual assault.  Expert evidence excluded the defendant as a contributor of the semen obtained from swabs of the victim.  The defendant repeatedly told Paul that prostitutes needed to be "blown off the face of the earth."  The conviction order proving the defendant committed grand larceny thirteen years earlier would have exerted no prejudicial influence on the jurors who heard the Commonwealth's evidence that the defendant was the person who murdered Robin Burge.  Accordingly, any error in refusing to sever the trial of possession of a firearm by a convicted felon was harmless.

For the foregoing reasons, we affirm the convictions.

<u>Affirmed.</u>