COURT OF APPEALS OF VIRGINIA


Present:    Judges Benton, Humphreys and Senior Judge Coleman
Argued at Chesapeake, Virginia


ROY L. BOOTH, JR., S/K/A
  ROY LINDSEY BOOTH, JR.
                                               MEMORANDUM OPINION[*] BY
v.        Record No. 0413-03-1          JUDGE ROBERT J. HUMPHREYS
                                               OCTOBER 19, 2004
COMMONWEALTH OF VIRGINIA


                FROM THE CIRCUIT COURT OF THE CITY OF PORTSMOUTH
                           Dean W. Sword, Jr., Judge

                Nathan A. Chapman (Law Office of William B. Parkhurst, P.C., on
                brief), for appellant.

                Richard B. Smith, Senior Assistant Attorney General (Jerry W.
                Kilgore, on brief), for appellee.


        Roy Lindsey Booth, Jr. appeals his conviction, following a jury trial, for possession of a

firearm after conviction of a violent felony, in violation of Code § 18.2-308.2.  Booth argues that

the trial court erred in admitting evidence concerning his related murder conviction, contending

that the admission of this evidence was unfairly prejudicial.  For the reasons that follow, we

affirm Booth's conviction.

        On February 7, 2002, the Grand Jury for the City of Portsmouth indicted Booth for one

count of murder, one count of use of a firearm in the commission of a felony, and one count of

possession of a firearm after having been convicted of a violent felony.  All of these charges

stemmed from the December 4, 2001 shooting of Melissa Tanner.  Booth was tried and

convicted on the charges of murder and use of a firearm in the commission of a felony.  The

_____

        [*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.  Moreover,
as this opinion has no precedential value, we recite only those facts necessary to our holding.

Commonwealth later tried Booth for the charge of possessing a firearm after having been convicted of a violent felony.[1]  Prior to this second trial, Booth moved *in limine* to exclude any evidence related to the underlying murder, contending that the prejudicial effect of that evidence would outweigh its probative value.  After extended discussion, the trial court ruled, "I can't deal with it in any kind of theoretical way, other than to say that we'll just have to . . . see what the evidence is and rule on it at that point in time, whatever objections are made."

In opening argument, the prosecutor told the jury that Keith Barnes would testify that Booth had a gun and used it while committing a homicide.  In response, Booth's attorney argued to the jury that the evidence will show "Barnes can't be trusted," that the gun had no fingerprints, and that the proof only amounted to "the testimony of one person saying, I saw him with a gun." At trial, over Booth's objection, Barnes testified that Booth shot Melissa Tanner with a handgun in a car.  On cross-examination, Booth sought to establish that Barnes was not credible and proved that Barnes had once possessed the gun.  Over Booth's objection, the trial judge also allowed the Commonwealth to introduce certain types of evidence relating to the underlying murder, including:  (1) a photograph of the crime scene; (2) the bullets and bullet casings recovered from the crime scene; (3) testimony describing the location from which the bullets were retrieved; (4) testimony describing the crime scene; (5) testimony describing the events leading up to and including the shooting; and (6) testimony concerning the relationship between Booth and the murder victim.  Booth now contends that the trial court abused its discretion in admitting this evidence.

"Every fact, however remote or insignificant, that tends to establish the probability or improbability of a fact in issue, is factually relevant and admissible."  Walker v. Commonwealth,

---

[1] Booth had been previously convicted of statutory burglary, which is defined as a violent felony under Code § 17.1-805.

258 Va. 54, 68, 515 S.E.2d 565, 573 (1999). On the other hand, "[e]vidence that is factually relevant must nevertheless be excluded if its probative value is substantially outweighed by the danger of unfair prejudice." Id. "The responsibility for balancing the competing considerations of probative value and prejudice rests in the sound discretion of the trial court. The exercise of that discretion will not be disturbed on appeal in the absence of a clear abuse." Spencer v. Commonwealth, 240 Va. 78, 90, 393 S.E.2d 609, 617 (1990). We find no abuse of discretion in the case at bar.

Initially, we recognize that, "[a]s a rule, evidence of other criminal conduct is inadmissible" because it "'may confuse the issues being tried and cause undue prejudice to the defendant.'" Burley v. Commonwealth, 29 Va. App. 140, 144, 510 S.E.2d 265, 267 (1999) (quoting Guill v. Commonwealth, 255 Va. 134, 138, 495 S.E.2d 489, 491 (1998)). The prejudice that this rule is designed to prevent "occurs if the fact finder is permitted to infer that, because an accused has previously committed a crime . . . the accused has a propensity to commit crime, or a particular type of crime and, therefore, committed the crime for which he or she is being tried." Rodriguez v. Commonwealth, 18 Va. App. 277, 280, 443 S.E.2d 419, 422 (1994) (en banc) (citing Wilson v. Commonwealth, 16 Va. App. 213, 220, 429 S.E.2d 229, 233 (1993)).

It is equally true, however, that "evidence of other criminal conduct *is admissible if it tends to prove any relevant element of an offense charged.*" Id. (emphasis added). Indeed, the Supreme Court of Virginia has consistently held that:

> [e]vidence of other offenses is admitted if it shows the conduct and feeling of the accused toward his victim, if it establishes their prior relations, *or if it tends to prove any relevant element of the offense charged.* Such evidence is permissible in cases . . . *where the evidence is connected with or leads up to the offense for which the accused is on trial.* Also, testimony of other crimes is admissible where the other crimes constitute a part of the general scheme of which the crime charged is a part. *Frequently it is impossible to give a connected statement showing the crime charged without incidental reference to such contemporaneous and similar crimes*

- 3 -

*and where there is only such incidental disclosure of other offenses.*

Kirkpatrick v. Commonwealth, 211 Va. 269, 272, 176 S.E.2d 802, 805 (1970) (citations omitted) (emphases added).  So, for example,

"if a man be indicted for murder, and there be proof that the instrument of death was a pistol; proof, that that instrument belonged to another man, that it was taken from his house on the night preceding the murder, that the prisoner was there on that night, and that the pistol was seen in his possession on the day of the murder, just before the fatal act committed, is undoubtedly admissible, although it has the tendency to prove the prisoner guilty of a larceny.  Such circumstances constitute a part of the transaction; and whether they are perfectly innocent in themselves, or involve guilt, makes no difference, as to their bearing on the main question which they are adduced to prove."

Id. at 273, 176 S.E.2d at 805-06 (quoting Walker v. Commonwealth, 28 Va. (1 Leigh) 574, 576-77 (1829)).

Here, in order to support a conviction pursuant to Code § 18.2-308.2(A), the Commonwealth not only had to prove Booth's previous conviction for a violent felony, but it also had to prove that Booth "knowingly and intentionally possess[ed] or transport[ed] any firearm" thereafter.  See Code § 18.2-308.2.  In order to prove that Booth violated the provisions of this statute, any direct or circumstantial evidence tending to prove Booth possessed a firearm is relevant and would be admissible unless the prejudicial effect of that evidence outweighs its probative value.  And, because the murder was committed with a firearm, circumstantial evidence tending to prove Booth was the person who committed the murder is also probative of the fact that Booth possessed a firearm.  Thus, the circumstantial evidence that Booth committed the murder was highly relevant to prove that he possessed a firearm.

The Commonwealth also introduced direct evidence of possession – specifically, Barnes' testimony that Booth possessed a firearm.  And, because the defense had challenged the credibility of Barnes, the eyewitness providing direct evidence of Booth's possession, the

- 4 -

circumstantial evidence that Booth committed the murder with a firearm was highly relevant to prove Barnes' credibility. Here, the evidence corroborated Barnes by tending to prove that Booth was the person who possessed the .380 firearm involved in the murder.

We conclude, therefore, that it was permissible for the Commonwealth to utilize this evidence because it proved both that Booth possessed a firearm and also that Barnes was a credible witness. The Commonwealth's evidence of possession was inextricably intertwined with evidence establishing that Booth committed the underlying murder. The Commonwealth, however, offered the challenged evidence as circumstantial proof that Booth possessed the gun on the date in question, and not "for the prohibited purpose of showing a predisposition on the part of the accused to commit crime." Glover v. Commonwealth, 3 Va. App. 152, 161, 348 S.E.2d 434, 441 (1986).

Moreover, "it was proper that the chain of events . . . should be unbroken." Kirkpatrick, 211 Va. at 276, 176 S.E.2d at 807. As the Supreme Court of Virginia has long recognized, Booth had

> no right to have the evidence "sanitized" so as to deny the jury knowledge of all but the immediate crime for which he [was] on trial. The fact-finder [was] entitled to all of the relevant and connected facts, including those which followed the commission of the crime on trial, as well as those which preceded it; even though they may [have shown] the defendant guilty of other offenses.

Burley, 29 Va. App. at 147, 510 S.E.2d at 268-69 (quoting Scott v. Commonwealth, 228 Va. 519, 526-27, 323 S.E.2d 572, 577 (1984)); see also Glover, 3 Va. App. at 161, 348 S.E.2d at 440 ("'[I]f such evidence tends to prove any other relevant fact of the offense charged, and is otherwise admissible, it will not be excluded merely because it also shows him to have been guilty of another crime.'" (quoting Williams v. Commonwealth, 203 Va. 837, 841, 127 S.E.2d 423, 426 (1962))). Thus, the mere fact that the challenged evidence tended to show that Booth committed murder does not negate its relevance as to the charge for possession of a firearm by a

convicted felon, nor does it automatically render that evidence unfairly prejudicial.  The trial judge did not clearly abuse his discretion in concluding that the probative value of this evidence outweighed its potential prejudicial effect.

For these reasons, we find no abuse of discretion on the part of the trial court, and we therefore affirm Booth's conviction.

<u>Affirmed.</u>