COURT OF APPEALS OF VIRGINIA


Present: Judges Elder, Frank and Haley
Argued at Chesapeake, Virginia


DEANGELO M. MARTIN, S/K/A
 DEANGELO MARQUESE MARTIN

                                                    MEMORANDUM OPINION[*] BY
v.        Record No. 0024-05-1                      JUDGE JAMES W. HALEY, JR.
                                                         DECEMBER 12, 2006
COMMONWEALTH OF VIRGINIA


            FROM THE CIRCUIT COURT OF THE CITY OF PORTSMOUTH
                          Dean W. Sword, Jr., Judge

            Darell L. Sayer (Ferrell, Sayer & Nicolo, P.C., on brief), for
            appellant.

            Kathleen B. Martin, Assistant Attorney General (Robert F.
            McDonnell, Attorney General, on brief), for appellee.


      DeAngelo M. Martin ("appellant") appeals his conviction by jury on counts of

second-degree murder, robbery, and use of a firearm in commission of a robbery.  Appellant

argues that the trial court erred in admitting evidence of other crimes connecting him to the

murder weapon for the purpose of showing that he was the person who committed the murder.

Finding that evidence of other crimes is admissible for this purpose, we affirm.

                                            I.

                        FACTS AND PROCEDURAL BACKGROUND

      On December 26, 2003, in Portsmouth, Virginia, Christopher Jackson ("Jackson") was

robbed and shot while Ricky Wright ("Wright") was shot and killed.  Portsmouth police

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

recovered three shell casings at the crime scene and subsequently conducted ballistic testing on them.

On December 30, 2003, Portsmouth Police Detective David Lodge ("Lodge") and members of the Police Department's SWAT team executed a search warrant at appellant's home. Lodge recovered two firearms, a 38-caliber revolver and a 9-millimeter semiautomatic handgun, that were hidden behind a drawer in a chest located in appellant's bedroom.

On December 31, 2003, appellant asked to speak with Lodge. In his recorded statement, appellant denied that the recovered 9-millimeter belonged to him, and stated that he knew nothing about the 9-millimeter until he got home and found it in his car. Appellant admitted to having a gun at the scene of the December 26 shooting, to pointing a gun at Wright, and to hiding two guns in his home after the shooting took place. Significantly, he maintained that the gun he possessed was the 38-caliber revolver and that one Jermaine Taylor ("Taylor") had used the 9-millimeter in shooting Wright. Appellant denied firing the shots that killed Wright.

During his investigation of the December 26 shooting, Lodge became aware of another shooting that occurred in the City of Chesapeake on December 9, 2003. Three witnesses to the December 9 shooting identified appellant as the person who shot at them. Two 9-millimeter shells were recovered at the scene of that shooting and were submitted for ballistic testing.

Uncontested ballistic evidence established that the shells recovered in Portsmouth on December 26 and Chesapeake on December 9 were fired from the same 9-millimeter semiautomatic handgun found hidden in appellant's home on December 30.

Appellant was charged with the first-degree murder of Wright, the malicious wounding of Jackson, the robbery of Jackson, and three counts of using a firearm in commission of these felonies. Pursuant to a motion *in limine* by the Commonwealth, the court considered the testimony of three December 9 shooting witnesses outside the jury's presence before permitting

the Commonwealth to put on this evidence of other crimes. The judge then narrowed the scope of this testimony by offering limiting instructions to the jury to "consider that evidence only in connection with the offense for which [appellant] is on trial and for no other purpose." The court also warned, "Evidence that the defendant may have possessed a weapon at an earlier date is not proof that he possessed a weapon on December 26, 2003."

Appellant was found guilty of second-degree murder, robbery, and the use of a firearm in the commission of robbery. The jury sentenced him to 38 years imprisonment, and the court imposed that sentence.

## II.

## RULE OF EVIDENCE

The issue here for resolution is two-fold: first, was the evidence of other crimes properly admitted under a valid exception to the general rule of exclusion; and second, was the court justified in determining that the probative value of this evidence exceeded its prejudicial effect.[1]

## A.

## EVIDENCE OF OTHER CRIMES

The rules regarding the admission of other crimes evidence in Virginia are well established. Virginia courts will generally not admit evidence "which shows or tends to show the accused guilty of the commission of other offenses at other times . . . if its only relevancy is to show the character of the accused or his disposition to commit an offense similar to that charged." Day v. Commonwealth, 196 Va. 907, 914, 86 S.E.2d 23, 26 (1955).

However, the Court has carved a broad exception to this rule stating, "[I]f such evidence tends to prove any other relevant fact of the offense charged, and is otherwise admissible, it will

---

[1] Appellant conceded at oral argument that the contested evidence may have had some probative value. The scope of this concession not made clear, we fully address the issue.

not be excluded merely because it also shows him to have been guilty of another crime." Id.; Pugliese v. Commonwealth, 16 Va. App. 82, 91, 428 S.E.2d 16, 23 (1993). The admission of other crimes evidence is also subject to the requirement that "the legitimate probative value outweighs the incidental prejudice to the accused." Lewis v. Commonwealth, 225 Va. 497, 502, 303 S.E.2d 890, 893 (1983). So long as these requirements are met, the trial court may admit evidence of other crimes, and this Court will not disturb that exercise of discretion in the absence of clear abuse. Hewston v. Commonwealth, 18 Va. App. 409, 414, 444 S.E.2d 267, 269 (1994).

B.

EXCEPTION

The relevant exception in this case is that evidence of other crimes is permitted when used to connect the defendant to a specific murder weapon. Charles E. Friend, The Law of Evidence in Virginia § 12-15, at 434 (5th ed. 1999); Burley v. Commonwealth, 29 Va. App. 140, 144, 510 S.E.2d 265, 267 (1999). The Virginia Supreme Court has consistently upheld this exception. See Woodfin v. Commonwealth, 236 Va. 89, 95, 372 S.E.2d 377, 381 (1988); Tuggle v. Commonwealth, 228 Va. 493, 507, 323 S.E.2d 539, 547 (1984), cert. denied, 478 U.S. 1010 (1986). In Burley, this Court concluded that "the essential fact that the Commonwealth had to prove was whether the defendant possessed the murder weapon at the time of the murder." 29 Va. App. at 143, 510 S.E.2d at 266. The Court reasoned, "Any evidence that linked [appellant] to the weapon tended to make his guilt more probable. The more times he was found in possession and the closer the occasions were to the date of the murder, the more convincing the inference that he possessed [the murder weapon] when [the victim] was killed." Id. at 146, 510 S.E.2d at 268. The Court has also noted that this type of evidence is "so highly relevant that its probative value outweighs any prejudice." Id.

- 4 -

III.

ANALYSIS

A.

POSSESSION AS A NECESSARY ELEMENT

Appellant's first argument is that this case ought to be distinguished from <u>Burley</u> because, in that case, the defendant's possession of a firearm was a necessary element of the offense.  We disagree.

In judging the admissibility of other crimes evidence, the Court in <u>Burley</u> focused its analysis, not on the elements of the charges, but on the relevant facts that the Commonwealth had to prove in its case.  This approach is consistent with the Court's view that evidence of other crimes is admissible "where the evidence is connected with or leads up to the offense for which the accused is on trial."  <u>Kirkpatrick v. Commonwealth</u>, 211 Va. 269, 272, 176 S.E.2d 802, 805 (1970); <u>see also</u> <u>Bullock v. Commonwealth</u>, 27 Va. App. 255, 498 S.E.2d 433 (1998) (admitting other crimes evidence that connected the appellant to the same weapon used in the charged offenses for the purpose of proving criminal agency).

In the instant case, it was necessary for the Commonwealth to prove that appellant held the specific gun that fired the fatal shots at the time the murder was committed.  As in this case, the court in <u>Burley</u> permitted the prosecution to prove that the defendant had used the same gun on another occasion, that it was found in his residence after the murder, and that it was the same weapon responsible for the killing.  Thus, the purpose for admitting the testimony of other crimes in the <u>Burley</u> case is identical to its purpose in this case.

B.

DENIAL OF POSSESSION

Appellant's chief argument is that this case should be distinguished from the Burley line of cases because appellant never denied possessing the murder weapon on December 30, as did the defendants in Burley, Kirkpatrick, Woodfin, and Tuggle. Here, however, appellant specifically denied he possessed the 9-millimeter at the time of the murder on December 26.

As in each of the cases cited by appellant, the evidence of other crimes was introduced to rebut appellant's statements by placing the murder weapon in his possession on December 9, as well as December 26, when he found it in his car, and December 30, when it was found in his residence. Had appellant admitted possession of the murder weapon at the time of the shooting on December 26, the evidence to which appellant's counsel objects would not have been necessary.

C.

PROPENSITY FOR VIOLENCE

Appellant concludes that the only reason for the admission of this evidence of other crimes is to place in the minds of the jury the idea that the defendant has a propensity towards violence. We disagree.

Appellant seeks to limit the uses of other crimes evidence to those involving proof of motive, intent, knowledge, scheme, plan, or identity. While these are all acceptable uses for evidence of other crimes, they are not exclusive. The mere fact that this evidence was used for purposes other than those preferred by appellant does not increase its prejudicial effect.

The court is not required to remove all potential prejudice to appellant before allowing evidence to be admitted. It is only necessary for the court to determine that the probative value of the evidence exceeds its prejudicial effect to appellant. The evidence in this case connected

- 6 -

appellant to the murder weapon on December 9, December 26, and December 30, and determined that the weapon recovered on December 30 was the same weapon used in the shootings on December 9 and December 26. Given the probative value of such evidence to the Commonwealth's case, the court's determination was not plainly in error and therefore must not be disturbed. See Hewston, 18 Va. App. at 414, 444 S.E.2d at 269.

D.

ADEQUACY OF LIMITING INSTRUCTION

Next, appellant argues that even if the evidence of other crimes could qualify as an exception to the general rule of inadmissibility, it should be nonetheless excluded on the grounds that the court did not take sufficient steps to limit its prejudice to appellant. We disagree.

Appellant argues that the cautionary instruction given by the trial court in this case was inadequate to dispel the prejudicial effect of the witness' testimony. On this point, appellant relies on Mills v. Commonwealth, 24 Va. App. 415, 482 S.E.2d 860 (1997). However, the case at bar is clearly distinguishable from Mills in several key respects. Mills involves a situation in which, during his testimony, a police officer blurted out statements about the defendant that were not only prejudicial, but also completely spontaneous. Id. at 417-18, 482 S.E.2d at 861. Further, the court in Mills determined immediately that the statements were both incompetent and inadmissible as evidence and instructed the jury to disregard them. Id. at 419, 482 S.E.2d at 862. However, once the evidence in Mills was accidentally exposed to the jury, this Court determined that a cautionary instruction was insufficient to remove it from their minds. Id. at 421, 482 S.E.2d at 863.

In contrast, the trial court in the instant case went to great lengths to ensure that only relevant and admissible portions of the witnesses' testimony were brought before the jury. The court instructed the attorneys to question the witnesses out of the presence of the jury in order to

determine whether their testimony would be admissible. The court then advised the attorneys on how they should proceed with these witnesses in front of the jury. Further, the trial judge gave the jury cautionary instructions after each witness and after the conclusion of all the evidence. These instructions were designed, not to wipe the testimony from the minds of the jury, but to focus their minds on the specific purpose for which it should be considered. As a result of the court's careful and deliberate efforts, we find that the court was not plainly in error in admitting the witnesses' testimony and that the cautionary instructions were adequate to limit any prejudice toward the defendant based on this testimony.

E.

NUMBER OF WITNESSES

Finally, appellant argues that it was prejudicial to allow three witnesses to testify about the shooting on December 9. At trial, appellant argued that, if the court decided to allow the Commonwealth to present other crimes evidence, one witness would suffice. Appellant cites the case of Maxey v. Hubble, 238 Va. 607, 385 S.E.2d 593 (1989), for the proposition that the repeated admission of inadmissible other crimes evidence had a cumulative effect on the impartiality of the jury that could not be cured by a cautionary instruction.

While the impact of other crimes evidence on the minds of the jury is something the court should consider in deciding whether to admit such evidence, the Court's actual holding in Maxey is much narrower than appellant's interpretation. In Maxey, the court admonished plaintiff's counsel for continuing to pursue a line of questioning and argument against which the court had already ruled. Id. at 616, 385 S.E.2d at 597. In this case, the court considered the testimony that was to be offered outside of the jury's presence before deciding to admit it with an accompanying instruction. The evidence did not come before the jury in spite of the court's efforts, as was the case in Maxey, but rather as a result of the court's careful consideration of it.

Further, the Court's decision in <u>Maxey</u> had nothing to do with the general admissibility of other crimes evidence or determining the number of witnesses the court should allow to testify to that evidence. Rather, <u>Maxey</u> addressed the court's handling of persistent efforts by one party to inflame and prejudice the jury.

In contrast to appellant's argument in favor of limiting the number of witnesses presenting other crimes evidence, the <u>Burley</u> case is more instructive of this Court's posture on that issue. In <u>Burley</u>, the Court stated, "The Commonwealth is 'not obliged to have faith that the jury would be satisfied with any particular one or more items of proof. Therefore, it was entitled to utilize its entire arsenal.'" <u>Burley</u>, 29 Va. App. at 147, 510 S.E.2d at 268 (quoting <u>Pittman v. Commonwealth</u>, 17 Va. App. 33, 35-36, 434 S.E.2d 694, 696 (1993)). While it is appropriate for the court to limit the Commonwealth's ability to bring forth an unnecessary parade of witnesses, we find no precedent that requires the court to limit testimony about a particular item of proof to a single witness. Absent such precedent, the question for the court remains one of whether or not the prejudicial effect of the testimony of these three witnesses clearly outweighed its probative value. Given our prior analysis of this question, we cannot find that the trial court plainly abused its discretion in permitting this testimony.

CONCLUSION

Having concluded that the evidence of other crimes in this case meets the exception for proving possession of the murder weapon and that the trial court's determination thereof was not plainly in error, appellant's convictions are affirmed.

<u>Affirmed.</u>