# CIRCUIT COURT OF HANOVER COUNTY

Commonwealth of Virginia

    v.

John Bradley Crawford

August 29, 2008

Case Nos. CR06-640-00 and CR06-640-01

BY JUDGE J. OVERTON HARRIS

Defendant filed in this Court a Motion to Dismiss the charges against him and a Motion in Limine to exclude introduction of "other crimes" evidence at trial. The Court heard arguments on the motions on August 26, 2008, and took these matters under advisement. This opinion sets forth the Court's rulings.

## I. *Defendant's Motion to Dismiss*

### A. *Facts*

John Bradley Crawford was charged with the abduction and murder of Alexander Glanz nearly 26 years after the crimes were committed in December of 1980. It is undisputed that Crawford was an early suspect, but was not charged at the time. In 1981, Crawford was convicted for abducting K.S. and her sister L.S., both minor girls (hereafter the "1981 abductions"). For those crimes, he received a fifty-year prison sentence and has been incarcerated ever since.

In 2006, the Commonwealth saw fit to bring charges against Crawford for the Glanz abduction and murder. Crawford alleges that the charges were brought at that time to keep him in jail, as he was due for release. The Commonwealth claims that the case was not fit for presentation before 2006 and that it exercised no bad faith in allowing the delay. Citing the delay in charges being filed against him, Crawford seeks a dismissal under the Due Process Clauses of the Fifth and Fourteenth Amendments to the United States Constitution, as well as the Speedy Trial Clause of the Sixth Amendment.

B. *Analysis*

A defendant may only bring this type of claim under the Due Process Clauses of the Fifth and Fourteenth Amendments, and not alternatively under the Sixth Amendment Speedy Trial Clause. *United States v. Volasco*, 431 U.S. 783, 788-89, 97 S. Ct. 2044, 52 L. Ed. 2d 752 (1977); *United States v. Marion*, 404 U.S. 307, 320, 92 S. Ct. 455, 30 L. Ed. 2d 468 (1971). "[A]s far as the Speedy Trial Clause of the Sixth Amendment is concerned, [pre-indictment] delay is wholly irrelevant," *Volasco*, 431 U.S. at 788. Only formal indictment or arrest to answer criminal charges engages Sixth Amendment protection. *Marion*, 404 U.S. at 320. The delay in bringing Crawford to trial was undisputedly pre-indictment and, thus, does not implicate the Sixth Amendment whatsoever. Crawford's Speedy Trial claim is denied.

In a due process claim for pre-indictment delay, Virginia law places the burden of proof squarely on the defendant. *Morrissette v. Commonwealth*, 264 Va. 386, 393, 569 S.E.2d 47, 52 (2002). A defendant must prove (1) that the Commonwealth intentionally delayed indictment to gain tactical advantage, and (2) that the defendant incurred actual prejudice as a result. *Id.*

As for the first element, there is no evidence that the Commonwealth delayed indictment with the intent to gain tactical advantage. In his written motion and in oral argument, Crawford refers to two uncited quotes from "one of the Commonwealth's lead investigators" which indicate that the Glanz case should have been brought in the early 1980s and that failure to do so was the result of lack of effort.

The evidence offered completely lacks foundation. The source of these quotes is anonymous, and their accuracy is not established by any means. Even if the evidence were taken at face value, it is insufficient to satisfy Crawford's burden. Such evidence is simply not the "direct evidence" needed to prove the first element of the two-part test. *Morrissette*, 264 Va. 386, 393.

With Crawford's failure to clear the initial hurdle of the *Morrissette* test, there is no need to address actual prejudice in this case. The Due Process claims are denied, and the entire Motion to Dismiss is thus denied.

## II. *Defendant's Motion in Limine*

### A. *Facts*

The Commonwealth intends to present evidence of Crawford's abduction of K.S. and L.S., a crime for which he was convicted in 1981. The Commonwealth may call several witnesses solely to offer testimony about this other crime. The witnesses are likely to include the younger victim, K.S., her father, and an investigating police officer. The Commonwealth claims that the 1981 abductions and the Glanz crimes bear "a singular strong resemblance," and thus evidence of the 1981 abductions is admissible to establish Crawford's alleged identity as perpetrator of the Glanz crimes.

### B. *Analysis*

The controlling case with regard to introduction of "other crimes" evidence to establish identity is *Spencer v. Commonwealth*, 240 Va. 78, 393 S.E.2d 609 (1990). *Spencer* states:

> [The] test is met where the other incidents are sufficiently idiosyncratic to permit an inference of pattern for purposes of proof, thus tending to establish the probability of a common perpetrator.

*Id.* at 90.

Any fact meeting this test is relevant to identity, but must still meet other guidelines of admissibility. *Id.* Specifically, the Court must weigh the probative value of any relevant evidence against its prejudicial effect. *Id.*

In analyzing these types of cases, the Supreme Court of Virginia lays down no bright line where incidents are "sufficiently idiosyncratic," *id.*, but it has developed a pattern in its rulings. Where "a few of the facts" are common to the two crimes, they are generally not idiosyncratic patterns. See *Guill v. Commonwealth*, 255 Va. 134, 141, 495 S.E.2d 489, 493 (1998). The Supreme Court has, however, upheld introduction of "other crimes" evidence to establish identity in two types of cases. Where there are a significant *number* of unique characteristics common to two or more crimes, the Court has

upheld. See e.g. *Chichester v. Commonwealth*, 248 Va. 311, 448 S.E.2d 638 (1994). Also, where the Court has recognized "several sufficiently idiosyncratic features which, considered as a whole, reflected a pattern," it has upheld. *Turner v. Commonwealth*, 259 Va. 645, 652, 529 S.E.2d 787 (2000). In this latter type of case, the law still requires some individual elements of the pattern to stand out from the typical *modus operandi* of other perpetrators of the same crime. *Scott v. Commonwealth*, 274 Va. 636, 646-47, 651 S.E.2d 630, 636 (2007).

The Commonwealth attempts to support introduction of the "other crimes" evidence by asserting an extensive list of individual elements it claims are unique and shared by the 1981 abductions and the Glanz crimes. This Court finds that the presence of controlled pesticide chemicals on the bindings of both sets of victims is a very distinctive element. The fact that each victim was transported approximately eight miles from where they were abducted is also sufficiently idiosyncratic as compared to other crimes of this type. Also, the typical abductee is not abandoned to the elements in the forest, and so that element is sufficiently idiosyncratic. Other individual elements, however, are either arguably unique, such as the locations to which the victims were transported; not unique to these abductions at all, such as abduction when parents were not supervising; or simply not a genuinely common feature between the crimes, such as the ages and physical characteristics of the victims. This is not a case that presents a satisfactory number of idiosyncratic elements which, standing *individually*, permit an inference of a pattern.

An idiosyncratic pattern that is common to both crimes does emerge, however, when the Court considers the commission of these crimes as a whole. Both crimes share the following elements in a unique sequence:

First: The selected victims are regularly at home and unsupervised after school.

Second: The victims are abducted from their homes.

Third: The victims are abducted during the window of time between school ending and parental supervision commencing.

Fourth: The victims are bound hand and foot.

Fifth: The victims' bindings are exposed to controlled pesticides.

Sixth: The victims are transported approximately eight miles from the original crime scene.

Seventh: The victims are transported to secluded, wooded areas in eastern Hanover County.

Eighth: The crimes were completed by abandonment of the victims in the forest, leaving them to the elements.

As stated above, only a few elements, by themselves, are truly unique elements shared by these crimes. The consistent coalescence of these eight elements, however, distinguished by "several sufficiently idiosyncratic features," satisfies the *Spencer* test. *Turner*, 259 Va. at 652.

To be clear, an approach where common elements are measured against uncommon elements weighs in favor of Defendant. Taken individually, there are just as many, if not more inconsistencies between the crimes than similarities. That said, the overall pattern of the crimes, peppered by unique individual elements, reveals a "singular strong resemblance" which indicates a single perpetrator. *Spencer*, 240 Va. 78, 90. Evidence of the 1981 abductions is relevant to the issue of identity in the Glanz crimes.

The issue remains concerning whether evidence of the 1981 abductions, though relevant, is more probative than prejudicial in this case. "The responsibility for balancing the competing considerations of probative value and prejudice rests in the sound discretion of the trial court." *Spencer*, 240 Va. at 90. It is the finding of this court that the relevant evidence of the 1981 abductions, if introduced for the narrow purpose of establishing the identity of the perpetrator, is more probative than prejudicial. The *Spencer* test is met, and the Motion in Limine is denied.

### III. *Limiting the Commonwealth's "Other Crimes" Evidence*

Precedent indicates that the Court is left to its discretion in limiting or not limiting the Commonwealth in its introduction of "other crimes" evidence, once the relevance question is resolved. *Martin v. Commonwealth*, 2006 Va. App. LEXIS 559 at *10-*14. The Court is obliged to find that a limiting instruction to the jury is adequate. *Id.* at *10-*12. Using jury instructions as a safeguard, courts have allowed the Commonwealth to present any and all "other crimes" evidence once admissibility has been initially determined. *Id.* at *13-*14. As the Court of Appeals of Virginia has stated:

> The Commonwealth is not obliged to have faith that the jury would be satisfied with any particular one or more items of proof. Therefore, it [is] entitled to utilize its entire arsenal.

*Id.* at *14 (quoting *Burley v. Commonwealth*, 29 Va. App. 140, 147, 510 S.E.2d 265).

All this said, this Court is also within its discretion to limit the content and quantity of the Commonwealth's "other crimes" evidence. In this case, it would seem a wise exercise so as to avoid the introduction of unduly

76

prejudicial evidence of the 1981 abductions. A "deliberate effort to lessen any inherent prejudice" will ensure that the "other crimes" evidence introduced in this case serves to prove identity only and does not remove Crawford's presumption of innocence. *Porter v. Commonwealth*, 276 Va. 203, 240, 661 S.E.2d 415, 433 (2008). This Court thus orders that the Commonwealth shall limit its "other crimes" evidence to the narrow issue of perpetrator identity.